# EVA KUTINA v. HENRY COMBS, SR. AND ANOTHER.[1]

May 29, 1930.

No. 27,920.

[1]Reported in 231 N. W. 194.

*Alfred L. Thwing* and *W. B. Taylor,* for appellant.

*Warner E. Whipple* and *George W. Atmore, Jr.* for respondent.

OLSEN, C.

Appeal by defendant Jake Reigel, hereinafter referred to as the defendant, from an order denying his motion for a new trial.

The action is one to recover the purchase price of goods sold and delivered. The claim of the plaintiff in substance is that she sold the goods to defendant; that credit was extended to him; that there was an original promise on his part to pay for them; that she was directed to deliver the goods to Henry Combs, Sr. and did so deliver them. The case was tried to the court without a jury, and the court found in favor of the plaintiff and directed judgment accordingly.

Henry Combs, Sr. was engaged in logging operations, in getting out timber products, and was maintaining a camp in the woods. The goods were supplies for this camp. He had a contract with defendant to deliver the timber products to him at certain fixed prices. He was an independent contractor in the matter.

Defendant denied that he purchased the goods from plaintiff or made any promise to pay for them, and denied that he was the original debtor or that the goods were purchased on his credit. It is urged that the evidence is insufficient to sustain the findings of the court on this issue. We have examined the record and find the evidence sufficient to sustain the findings of the court that there was an original agreement by defendant to pay for the goods and a direction by him to the plaintiff to deliver the goods to Combs, and that plaintiff relied thereon and extended the entire credit of the transaction to Reigel. There is no dispute as to the delivery of the goods to Combs or as to the purchase price. A recital of the evidence is not deemed necessary.

This action was commenced against both Reigel and Combs. The complaint alleges a sale to both of them. Plaintiff testified that this was an error on the part of the attorney who commenced the

action for her and that action against Combs was not authorized or intended by her. The attorney who commenced the action did not represent plaintiff at the trial and was not present. At the close of plaintiff's evidence the action was dismissed as to Combs. The court found that Combs was joined as a defendant by mistake and inadvertence of plaintiff's then counsel and erroneously named as a defendant without authority or direction from plaintiff and without her knowledge. The evidence sustains the finding. This finding being sustained, the fact that Combs was originally joined as a defendant in the action would have no effect on the issues as an estoppel or otherwise.

■ It is urged that there was a material variance between the complaint and the proofs. We do not so hold. As the case stood after the elimination of Combs, it was a suit to recover for goods sold and delivered to defendant Reigel alone. Delivery of the goods to Combs, at defendant's request and instruction, was a sufficient delivery to defendant. His agreement to pay for the goods and delivery thereof on his sole credit was a purchase by him of the goods and an original undertaking, not within the statute of frauds.

■ It is urged that defendant was prejudiced by the dismissal of the action against Combs because the attorney who instituted the action was not then present in court or available as a witness for defendant to contradict plaintiff's testimony that Combs had been joined as defendant without plaintiff's authority or knowledge and by mistake. It is too late now to raise the question. The action was dismissed as to Combs before plaintiff rested. No suggestion was then made to the court that defendant desired the attorney as a witness or was so prejudiced. The question was not raised by the motion for a new trial, and there is no offer or showing as to what the attorney would testify to if called.

■ Several assignments of error are directed to rulings of the court in admitting and rejecting evidence. The rulings have been examined and found not to present any reversible errors. The court's findings of fact are sustained by the evidence, the conclusions of law sustained by the findings, and there were no reversible errors.

Order affirmed.