### HUSKEY v. UNITED STATES.

#### No. 55 Civil.

District Court, E. D. Tennessee.

Aug. 29, 1939.

Frank P. Bowen, of Knoxville, Tenn., for plaintiff.

James B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn., and Richard N. Ivins, of Chattanooga, Tenn., Atty., Department of Justice.

TAYLOR, District Judge.

The motion to dismiss this action requires a construction of rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

There is a motion to dismiss the suit upon the alleged ground that it is the third suit on the same claim, two former suits having been voluntarily dismissed. It is alleged in the motion, therefore, that the second voluntary nonsuit operated as a trial on the merits.

The facts conceded and apparent from the record are that the first suit on this claim was filed by Walter A. Huskey as administrator of the estate of John Wesley Huskey, a deceased insured veteran. This action was met by motion to dismiss, and during the argument on the motion it became apparent and was conceded by the plaintiff, that those who claimed to be beneficially interested in the litigation, or at least some of them, had no disagreement with the Veterans Administration, which is a condition precedent to the institution of suit on war risk insurance policies. It further appeared as to some of the claimed beneficially interested plaintiffs that they had no legal right to recover any part of the proceeds of the policy in suit even though the insured, John Wesley Huskey, became totally and permanently disabled during the life of his policy. In this first action the here actually beneficially interested plaintiff was not shown to be a party in interest.

The next suit relied upon as basis for the motion was instituted by Walter A. Huskey as executor of the will of the late John Wesley Huskey, and the pleadings disclosed that the will named Dean Huskey, daughter of the late John Wesley Huskey, as the sole beneficiary. This suit came on for trial to the court and a jury, and after the evidence was all in both for the plaintiff and for the defendant, the defendant moved for a directed verdict upon the ground that there was no substantial evidence tending to prove that during the life of the policy the insured, John Wesley Huskey, became totally and permanently disabled. During the argument of the motion the court intimated that as the record stood the motion was perhaps well taken, but also intimated that if certain evidence of a physician as to the date of his first examination was supported by some corroborating record made at the time of the said first examination, there would be a jury question, and suggested that the case be recessed in order to enable the plaintiff to procure such corroborating record, if it could be done. Due to the distance the doctor lived from the place where the case was being tried, and to the then inaccessibility of his records, the plaintiff elected to take a voluntary nonsuit, which the court permitted, without imposing any condition or making any order indicating whether the nonsuit was with or without prejudice.

The present suit was instituted within a few days after the last mentioned nonsuit was taken, and it is this suit that is met with a motion to dismiss on the grounds above stated.

I have reached the conclusion that since the rules are procedural and do not undertake to operate upon vested substantive rights of parties litigant, that the construction sought by the defendant of said rule is not justified. The voluntary nonsuit of the case of Walter A. Huskey, Executor, v. United States of America was the first voluntary dismissal of a suit in which the actually beneficially interested plaintiff in the present suit was a party. While the suit of Walter A. Huskey, Administrator, was a suit on the same claim, that is, on the policy of war risk insurance held by the

late John Wesley Huskey, it was not instituted for the benefit of the present named beneficiary under the will, the actually beneficially interested plaintiff in the present suit.

To construe the rule as urged by defendant would be to deny the present beneficially interested plaintiff a right under the terms of the contract and the applicable statutes. She has had but one suit prior to the present one, and under the rule is entitled to maintain the present suit under such reasonable terms as may be imposed by the court.

The defendant has also orally moved the court to require the plaintiff to pay the costs of the immediately former suit as a condition to the maintenance of the present one. It appearing that the beneficially interested plaintiff is without means, I am of opinion the granting of this motion would actually be a denial of her right to maintain the suit, as she could not procure funds to meet the conditions. This motion, as well as the motion to dismiss the action, will be denied.

This memorandum was actually handed down orally on the 26th day of August, 1939, and will be filed nunc pro tunc, the date being the same as that of the entry of the order overruling both motions.