**ADAMS et al. v. DAVIS et al.**

**No. 382.**

Municipal Court of Appeals for the

District of Columbia.

Argued June 13, 1946.

Decided June 28, 1946.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

Alfred M. Schwartz, of Washington, D. C. (Samuel A. Friedman, of Washington, D. C., on the brief), for appellants.

H. Max Ammerman, of Washington, D. C., for appellees.

CAYTON, Chief Judge.

Appeal from an order granting plaintiffs leave to dismiss their action without prejudice and refusing to assess counsel fees as a condition of such dismissal.

In the trial court the six year old plaintiff had sued through her father, and the father had sued individually, claiming a total of $3,000 for damages resulting from the infant having been struck by a taxicab of defendants. The complaint recited that the infant had received a severe concussion

of the brain, multiple abrasions, contusions and cuts and that her hearing was impaired. At the pre-trial it was stipulated that the defense was to be furnished with medical reports if available prior to trial, and that defense was to have the privilege of examination after being furnished with such reports. It was also stipulated that if plaintiffs did not have such reports available, defendants were to be advised thereof prior to the trial.

Some six weeks later when the case was called for jury trial (on a Tuesday) defendants announced ready for trial. But counsel for plaintiffs informed the court that he had just received information on the preceding Saturday that the child had sustained a fractured skull in the accident and that he wished to submit to a voluntary dismissal without prejudice, in order to sue for a larger amount in the United States District Court. Defendants' counsel objected to such dismissal without prejudice and insisted that if the dismissal was authorized, the court should require as a condition thereof that plaintiffs pay all accrued costs, including mileage allowances for a witness he had brought from Garden City, New York, and including also a counsel fee of $150. After the matter had been thoroughly argued the trial judge authorized the dismissal without prejudice on condition that plaintiff pay court costs as taxed by the clerk, including witness fees and a mileage allowance of $24.66. The judge refused to assess counsel fees against plaintiffs as a condition of such dismissal. It is such refusal which defendants here assign as error.

For many years, under the practice in the Municipal Court, as in the United States District Court, it was the absolute right of every plaintiff to submit to a voluntary nonsuit (in this jurisdiction, the equivalent of a dismissal without prejudice) at any stage of the case before decision was made or announced. The plaintiff thereupon became liable only for taxable costs and retained the right to sue again in the same or a different court. This right of nonsuit was very freely exercised; undoubtedly it was often abused to the prejudice of defendants and to the detriment of the orderly administration of justice.

That practice was altered and the right of nonsuit withdrawn by Rule 37 of the new rules of the Municipal Court, effective October 2, 1944, adopted pursuant to Code, Section 11—756. By that section, Congress authorized the Municipal Court to formulate rules of practice to conform to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The rule just mentioned is in its applicable terms identical with Rule 41 of the Federal Rules and provides that after the service of the answer "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

The first question is whether under that rule it was mandatory upon the trial judge to assess counsel fees as a condition of the dismissal without prejudice. This we answer in the negative, for we do not think the rule is reasonably open to such an interpretation. If attorney's fees were automatically taxable in every case a plaintiff wished to dismiss, hardships would almost certainly result and reasonable access to the courts be interfered with. Thus abuses might result, similar to those the rule set out to remedy. We therefore hold that defendants could not insist upon counsel fees as a matter of right and that the claim for such fees was addressed to the sound discretion of the judge.

The next question is whether such discretion was abused in this case. This, too, we answer in the negative. According to the statement of plaintiffs' counsel the child had been treated by a Naval physician who had since left the service and whom he could not locate until a few days before the trial. He further stated that he did not learn that a skull fracture might be involved until a very few days before the trial and that he promptly disclosed such information to defense counsel and told him that if such were the fact he would ask for a dismissal. The statement made by defense counsel differed from the above in some respects. But it seems to have been agreed that it was not until the afternoon before the trial that the defense attorney was definitely notified that plaintiffs would ask for a dismissal. Under these circumstances the trial judge was

justified in concluding that there had been no neglect by plaintiffs' attorney or that the neglect, if any, was excusable. He was also justified in limiting defendants' allowance to court costs, witness fees and mileage expenses and refusing to impose an assessment of counsel fees. The defense was undoubtedly inconvenienced by the dismissal and by the prospect of having to face and prepare for a new suit in the District Court; but we cannot say that this entitled them to counsel fees. Undoubtedly there are cases in which defendants may be greatly injured and prejudiced by attempts of plaintiffs to obtain last minute dismissals without prejudice, and where special circumstances would seem to require the assessment of counsel fees to prevent injustice.[1] But this is not such a case. Here, all things considered, such an assessment would have amounted to a rather harsh imposition of terms upon the plaintiffs.[2]

Affirmed.

[1] See McCann v. Bentley Stores Corp., D.C.W.D.Mo., 34 F.Supp. 234; Welter v. E. I. Du Pont De Nemours & Co., Case 3, D.C.Minn., 1 F.R.D. 551; Mott v. Connecticut General Life Ins. Co., D.C.Iowa, 2 F.R.D. 523; Hannah v. Lowden, D.C.Okl., 3 F.R.D. 52.

[2] See Lawson v. Moore, D.C.W.D.Va., 29 F.Supp. 175; Huskey v. United States, D.C.E.D.Tenn., 29 F.Supp. 283; Roth v. Great Atlantic & Pacific Tea Co., D.C.Ohio, 2 F.R.D. 182.