VIRGIL J. FALKENSTEIN v. LEON BRAUFMAN
AND ANOTHER.
IDA BRAUFMAN, APPELLANT.

88 N. W. (2d) 884.

February 21, 1958—No. 37,228.

*Silver, Goff, Ryan & Wallace* and *Allen H. Aaron,* for appellant.
*Cody & Waldrup* and *George M. Waldrup,* for respondent.

NELSON, JUSTICE.

The action involved on this appeal is to recover for alleged personal injuries and property damages arising from a fire which occurred April 9, 1955, at 546-548 Rice Street in the city of St. Paul. It appears from the record that two actions based upon the same claim had previously been commenced and dismissed. The first action was brought by Mr. and Mrs. Virgil J. Falkenstein, et al., against Mr. and Mrs. Leon Braufman and was dismissed without prejudice by notice filed April 29, 1955. The second action was brought by Virgil J. Falkenstein against Leon Braufman and J. Schaffer, and was dismissed without prejudice by notice filed June 20, 1955. The present or third action was commenced by Virgil J. Falkenstein against Leon Braufman and Ida Braufman (Mr. and Mrs. Leon Braufman). The complaint in the first action had been signed by James G. Paulos as attorney for plaintiffs and the same attorney prepared and filed the first dismissal. Thereafter, plaintiff through his present attorney brought the second action which was subsequently dismissed.

A separate answer was interposed in the present action by defendant Leon Braufman wherein he denied ownership of the premises occupied by plaintiff as tenant when the alleged personal injuries and property damages arose, specifically alleging that defendant Ida Braufman was the owner of said premises. The defendant Ida Braufman in her answer admitted that she was the owner and operator of the premises and that plaintiff was a tenant therein as alleged in his complaint.

The defendant Leon Braufman moved for summary judgment under the "two-dismissal" rule, Rule 41.01 of Rules of Civil Procedure, which motion was granted by the court below. The original separate answer of defendant Ida Braufman did not assert the defense of res judicata.

While the trial court first denied Ida Braufman's motion to assert the defense of res judicata and her motion for summary judgment, it did upon a later motion grant her the right to assert the defense of res judicata by her answer. The court, however, adhered to its ruling in denying her motion for summary judgment and she appeals therefrom.

The plaintiff moved the court for an order setting aside the summary judgment entered in favor of defendant Leon Braufman. The court denied the motion, filing its memorandum reviewing the evidence produced at the hearing. Testimony was offered through James Paulos, attorney, in an effort to prove that the first action, actually commenced by him, was not authorized by plaintiff. However, before Paulos left the witness stand it developed that Paulos had executed a dismissal of the first action without prejudice, which was arranged through an intermediary, another attorney, and which was delivered to the present attorney for plaintiff. It appears that Mr. Paulos had been repaid for his disbursements. Subsequent to said dismissal, it appeared that plaintiff's present attorneys had commenced the second action in behalf of the plaintiff against Leon Braufman and J. Schaffer. At this stage of the proceedings no rights had been prejudiced. Whatever color of authority may have existed as to Paulos being an attorney in the first cause of action was largely removed. Paulos had executed and delivered a dismissal and a second cause of action was under way. After plaintiff's present attorneys had commenced the second action, they discovered that they had erroneously named J. Schaffer as a party defendant. Although it appears now that other remedies were available to them whereby they would have escaped the difficulties that followed, plaintiff's attorneys again dismissed without prejudice, commencing this third action naming Leon and Ida Braufman as defendants, it having been ascertained by that time that Ida Braufman was the sole owner of the property and that Leon Braufman had no title or interest in it whatsoever except a possible future inchoate interest. The trial court held that the filing of the second notice of dismissal operated as an adjudication upon the merits as to Leon Braufman under Rule 41.01. The trial court in its memorandum said:

"It is regrettable that substantial rights have been prejudiced in this case. However, the rule is clear with respect to dismissals. Plaintiff's

attorneys were in complete charge of the situation and chose to dismiss the actions rather than resort to other remedies in order to cure the apparent defects. While it might be claimed Paulos never had the proper authority to bring an action and hence that first action should not be counted, Waldrup succeeded in disposing of the matter by procuring a dismissal. Then with that dismissal in mind, he subsequently voluntarily dismissed again to cure the defect of having erroneously named Schaffer as a defendant.

"There is no showing that one or the other of the dismissals was hidden or unknown to plaintiff's attorney. There is also no showing that fraud, deception, or misrepresentations were used to obtain the second dismissal."

We also quote in part as follows from a second memorandum filed by the trial court:

"The history of this case brings to light a situation, the responsibility of which lies solely at the hands of attorneys for plaintiff. Through inadvertence, misunderstanding, or lack of knowledge of the contents of Rule 41.01, two previous dismissals of the cause of action were filed, one of which was occasioned by difficulties encountered in attempting to change attorneys by plaintiff, the other through misunderstanding as to who owned the building involved, which could have been corrected by means other than by dismissal of the action. Whatever the reason, the plaintiff sits innocently by expecting his cause of action to be pursued and suddenly finds his rights are denied. The second action filed might just as well have been Virgil J. Falkenstein v. Leon Braufman, Ida Braufman, and J. Schaffer. No doubt the same course of conduct would have been resorted to, that is, a dismissal would, perhaps, still have been filed. Under those conditions the Court then would have no alternative but to make an order as it did on July 15, 1955, namely, judgment for the defendant Ida Braufman as therein set forth. Naturally she would have been included in the same previous motion along with Leon Braufman (identical plaintiffs —identical defendants—identical fact situation). However, the test has not been met. Ida Braufman has been named defendant in only one previous action which has been dismissed. The question of owner-

ship of the building has been finally resolved. Plaintiff has finally the proper party in court so as to pursue his cause of action. Any doubt as to the interpretation of the rule, again, the Court feels, must be resolved liberally in favor of the person whose rights are about to be extinguished.

"The Court feels that a more specific wording of the rule which tends to deprive the defendant of this right should be included therein. Under the previous statute which was in force and effect, no such result could be effected except by order of the court. There may be cases where multiple actions and motions could force the court in dismissing such an action upon the merits resulting in res adjudicata, but at least some discretion should be allowed rather than an absolute deprivation of rights under the questionable wording of the rule at the present time."

The trial court, after granting Ida Braufman's motion to amend her separate answer under Rule 15.01 of Rules of Civil Procedure and denying her motion for summary judgment, concluded its order by stating: "The Court does hereby certify that, in its opinion, the question presented by the motions is important and doubtful."

Ida Braufman assigns as error the entry of the order denying her motion for summary judgment. She contends that the "two-dismissal" rule, Rule 41.01,[1] only requires that the two previous actions

---

[1]Rule 41.01 reads as follows:

"(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23.03 and of Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal not less than 10 days before the opening of the term of court at which the action is noted for trial or, in counties having continuous terms of court, not less than 10 days before the day on which the action is first set for trial, if a provisional remedy has not been allowed or a counterclaim made or other affirmative relief demanded in the answer, or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

dismissed be based upon the same claim. She argues that Rule 41.01 should be construed to make the second dismissal without prejudice a final adjudication upon the merits and a bar to plaintiff's claim against her, even though she had not theretofore been named as a defendant in more than one action. The crux of her position is that Rule 41.01 does not permit a construction that a second dismissal operates as an adjudication upon the merits only if the parties defendant are the same in both suits. Defendant argues that the rule states in unequivocal language that the second dismissal is a conclusive adjudication upon the merits where, as here, the second action is based on or includes the same claim by plaintiff.

Defendant relies upon Robertshaw-Fulton Controls Co. v. Noma Elec. Corp. (D. Md.) 10 F. R. D. 32, asserting that it is squarely in point and decisive of the question presented on this appeal. The plaintiff in that case filed suit in United States District Court of Maryland seeking a declaratory judgment with respect to certain patent rights relative to controls on stoves. Plaintiff had previously filed a similar suit in the United States District Court for the southern district of New York against the parent company of the same name, which was later merged with the Maryland Company involved in the same litigation. Plaintiff, on being informed that the Maryland corporation and not the New York corporation owned the patents involved, dismissed the New York action before the merger, then after the merger dismissed the Maryland action, having instituted another suit in New York based upon the same claim. Thereafter, defendant filed a motion for dismissal on the merits under Federal Rules of Civil Procedure, Rule 41(a)(1). The court upheld the "two-dismissal" rule. It gave as one of its reasons for upholding it that at the time the second notice of dis-

"(2) *By Order of Court.* Except as provided in paragraph (1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

missal was filed the real defendant in the Maryland action was actually the same defendant as in the previously dismissed New York suit by reason of the merger. The court stated that the purpose of Rule 41(a)(1) is to avoid the pursuit of such duplicative, wasteful, and harassing litigation illustrated by the situation which that case presented, the very thing the adoption of the "two-dismissal" rule had aimed to discourage and prevent. Thus it was held that, if both actions are based upon the same claim, a second notice of dismissal may operate as a dismissal on the merits even though the defendants in both actions are not the same. However, the rule as we see it was applied to a situation where the real defendant in the Maryland action by reason of the merger became in fact the same defendant as in the previously dismissed New York suit. While the court in that case indicated that the application of the "two-dismissal" rule was not limited to cases where the defendants were identical, nevertheless, certain language of the court in that decision did indicate that it did not intend its holding to be as broad as might be inferred. For example, the court indicated that both litigants had been uncooperative in presenting the case for trial by failing to hold pretrial conferences. Furthermore, the court pointed out that it was not necessary for plaintiff to dismiss his actions to achieve his objective since Federal Rule 25(c) would have permitted a substitution of defendants and therefore dismissal was not necessary. As we view it, the statement covering the Robertshaw-Fulton case in 3 Fed. Rules Dig. (2 ed.) 41a.123 would indicate a much narrower holding than that contended for by defendant, for it is there stated that the "two-dismissal" rule is applicable "where both suits involved the same claim and where the two corporations have subsequently been merged." Likewise it has been indicated that the claim would not be the same if the parties were different although it is recognized that that would comprise a narrow construction of the term "claim." 4 Fed. Rules Serv. 41a.123(g). We think the facts of that case are clearly distinguishable from the situation presented in the instant case.

We incline to the view that the "two-dismissal" rule is not applicable unless the defendants are the same, or substantially the same or in privity, in both actions. Ida Braufman was the sole owner of the

premises involved and the plaintiff her tenant. None of the other defendants named in either of the suits were owners or legally subject to suit as such. Ida Braufman was the only defendant who could legally be sued; the others could not. Rule 41.01 has its place in the procedural field as an expediter of litigation, but it is hard to believe that the rule was ever intended to go so far as to require the courts to close their eyes to existing rights that for some explainable reason have been denied to a litigant, unless that litigant has under a strict construction of the rules sued the same defendants, or substantially the same or in privity, twice and twice exercised the prerogative of filing a dismissal without prejudice. While we should retain the procedural advantages gained, we must also protect the lawful rights of litigants whether asserted by plaintiff or defendant. Under the constitutional safeguards due every citizen they cannot be lightly ignored, nor may they be denied without just cause. Facts similar to those disclosed by the record in this case call for the exercise of the court's discretion in determining the rights as between the parties under the rules involved.

It is clear that the "two-dismissal" rule is applicable where plaintiff is the same party in both actions. It seems to be generally considered that the rule should also be applicable where the plaintiff in the second action so dismissed is in privity with the plaintiff in the first action, dismissed. On the other hand, it ought not to be applicable unless the defendants are the same or substantially the same or in privity in both actions, even though the rule does not expressly so provide. In 2 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 915, p. 631, it is stated that: "A second dismissal as to individual defendants will not preclude the prosecution of a second action against a corporation as to which only one dismissal had been entered."[2]

In Friedman v. Washburn Co. (7 Cir.) 145 F. (2d) 715, plaintiff sued defendant corporation and two of its employees, in which action a voluntary dismissal was filed under Federal Rule 41(a)(1)(i). Plaintiff then sued the same three defendants in a second action. On motion to dismiss by the defendants, the plaintiff, by leave of court,

---

[2]See, Friedman v. Washburn Co. (7 Cir.) 145 F. (2d) 715; 5 Moore, Federal Practice (2 ed.) par. 41.04.

amended its complaint omitting the two employees, thus leaving a cause of action against the defendant corporation. The defendant corporation contended that it was entitled to judgment on the pleadings under the "two-dismissal" rule. The court held that, even though the two employees would be entitled to judgment or protection from further suit because of the "two-dismissal" rule, it could not agree that the action taken by plaintiff constituted a dismissal as against defendant corporation. The court ruled that the remaining defendant corporation had only been dismissed against once.

In Huskey v. United States (E. D. Tenn.) 29 F. Supp. 283, the first case was brought by plaintiff as administrator, which was dismissed. A second case was brought by plaintiff as executor, which was also dismissed. The plaintiff as executor then commenced a third action, and defendant moved to dismiss that action under Federal Rule 41(a)(1). The court held that although the two previous actions were based upon the same claim the beneficially interested plaintiff in the third action had been a party in interest in only one of the two previous actions and that therefore the "two-dismissal" rule did not apply.

The court has a wide discretion in determining whether dismissals shall be with or without prejudice. 2 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 915, p. 633. See Maryland Cas. Co. v. Quality Foods (E. D. Tenn.) 8 F. R. D. 359, 360, wherein the court said:

"On motion to dismiss action without prejudice the court should take view of whole picture of situation and determine terms of dismissal upon justice and equity."

In Hineline v. Minneapolis Honeywell Regulator Co. (8 Cir.) 78 F. (2d) 854, there was presented under the Minnesota statute, one defendant not a party to both suits. The court in that case referred to the Minnesota dismissal statute. It recognized that the questions presented in that respect were purely questions of Minnesota practice and procedure. The court made it clear that, since there appeared at that time to be no Minnesota case precisely in point, it was obliged to some extent to follow its own interpretation of the statute controlling in the State of Minnesota, Mason St. 1927, § 9322.[3]

---

[3]See same statute, M. S. A. 1949, § 546.39.

The procedure in the Hineline case adopted by the court below was the equivalent of entering a dismissal of judgment with prejudice. The court on appeal said that appellant was not entitled to a reversal of the judgment as to the corporate defendant who was sued in both cases. Sweatt who had been named a defendant for the first time in the action tried had not previously been sued by the plaintiff. The court said that had he been the only defendant, the plaintiff could have dismissed the case without prejudice, and, upon failure of the plaintiff to appear, the court would have been obliged to grant such a dismissal. The appellate court took the view that Sweatt was not entitled to a disposition of the case upon its merits so far as it concerned him individually and held that the judgment as to the corporate defendant should be affirmed but that as to the individual defendant who had not previously been sued it would reverse with directions to grant a dismissal of the case as to him without prejudice.

■ Rule 41.01 of Rules of Civil Procedure, which supersedes M. S. A. 1949, § 546.39, adopts the general pattern of the prior law in that the plaintiff is given an absolute right to dismiss the action until a specified day by the mere filing of a notice of dismissal; that thereafter he may dismiss only by filing a stipulation signed by all the other parties or by applying to the court for an order of dismissal. M. S. A. 1949, § 546.39, is superseded in so far as it authorized voluntary dismissals by the plaintiff without prejudice.[4]

Looking to comparison with the prior law it is said that the rule looks generally to dismissals without prejudice, but the court is authorized to order otherwise. The rule is substantially the same as Federal Rule 41(a) except for the provisions of subparagraph (a) of paragraph (1), which is an adaptation of § 546.39. It is apparent that while the advisory committee believed that the statute was too liberal in allowing the plaintiff to dismiss by notice at any time before the trial begins they were not prepared to go as far as does the Federal rule. The dismissal rules under the statute in Minnesota had been considered lax in that it allowed opportunity to harass and put the defendant to considerable expense in preparation for trial, only to find

---

[4]See, 2 Youngquist & Blacik, Minnesota Rules Practice, Authors' Comments to Rule 41.01, p. 333.

upon the arrival of the time for trial the case dismissed without assurance that another action would not be brought. It was considered that under the new rules where adequate means of discovery have been made available to him there would be little likelihood under Rule 41.01 of the plaintiff being caught by surprise and being put in a position where he could not well go on with the case. This court in Swanson v. Alworth, 168 Minn. 84, 209 N. W. 907, prior to the adoption of the new rules, held that the dismissal rule under the statute was liberal in favor of voluntary dismissal so as not to prejudice the plaintiff's rights in a subsequent suit. In Mulcahy v. Dieudonne, 103 Minn. 352, 115 N. W. 636, it was held that where no advantage, benefit, or remedy has been secured by a first action, and the adverse party has not been prejudiced thereby, and that action has been dismissed without determination on the merits, a subsequent action between the same parties, concerning the same matter, is not conclusively barred, and in Kutina v. Combs, 180 Minn. 467, 231 N. W. 194, dismissal as to one defendant, joined by inadvertence of counsel, did not affect issues as against other defendant.

The application of the rule calls for the exercise by the courts of a reasonable and sound discretion in its application. When the rule was under consideration before adoption, it was suggested that if exceptional situations should arise, the courts would have full power, if the situation might warrant, to permit a dismissal under the rule, and that this relief would undoubtedly be granted.[5]

To construe the rule as urged by the defendant herein would be to deny to the plaintiff his day in court under an action brought followed by only one voluntary dismissal against the present defendant without prejudice.

We conclude that there has been only one voluntary dismissal exercised as to Ida Braufman and that plaintiff is entitled to maintain his present action against her as owner. The order of the trial court should be affirmed.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

---

[5]See, Rules of Civil Procedure, Tentative Draft, pp. 145, 146.