**D. C. TRANSIT SYSTEM, INC., a corporation, Appellant,**

v.

**Sadie FRANKLIN, Appellee.**

No. 2642.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 24, 1960.

Decided Jan. 31, 1961.

Anthony E. Grimaldi, Washington, D. C., for appellant.

Howard J. McGrath, Washington, D. C., for appellee.

2. See also Thompson v. Clark, D.C.Mun.App., 64 A.2d 166.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

This is the second of two cases argued before this court on the same day questioning the propriety of Municipal Court orders under Rule 41(a) (2).[1] As in Raney v. D. C. Transit System, Inc.,[2] plaintiff, appellee here, was injured on a streetcar and brought suit for $3,000, the Municipal Court's jurisdictional limit. Discovering later that such an amount would not provide full compensation, she filed a motion under Rule 41(a) (2) requesting a dismissal so that she might seek larger damages in the United States District Court. This appeal challenges the granting of that motion.

■ On July 1, 1957, appellee fell while alighting from appellant's streetcar, and her injuries were subsequently diagnosed as contusions to the right arm and shoulder. About one month later her physician advised the transit company of appellee's full recovery; however, on November 12, she returned to see him complaining of persistent pain in her right arm. Treatment was thereupon resumed and continued until the end of January 1958.

Appellee later filed this action asking damages for permanent physical injury. At the pretrial hearing in September 1959 the presiding judge continued the action until such time as appellee should produce some corroborating medical evidence of permanent injury or withdraw that part of her claim. Pursuant to this order appellee consulted an orthopedic surgeon who confirmed the possibility of some permanent disability and recommended a "transplantation of the bicipital tendon" if her right shoulder did not respond to therapy. This information was made available to the court at the second pretrial on April 14, 1960, at which time appellee moved for voluntary dismissal. Over objection the motion was granted on the condition that appellee pay appellant the sum of $25 to help defray expenses already incurred.

In Adams v. Davis [3] and again in the recent Raney decision, we authorized voluntary dismissals where subsequent to filing actions in the Municipal Court the plaintiffs believed that damages might exceed the jurisdictional limit of $3,000. Appellant here relies on authorities restricting such dismissals to an early stage of the proceedings [4] and points out that fully one year expired before appellee acted to discontinue this suit.

■ The safeguard to which appellant has referred is indefinite and flexible. Rather than requiring the denial of the motion at some particular juncture in the proceedings, it directs the trial judge to determine the point at which a dismissal will work an unfair disadvantage to the defendant. This is in accord with the discretion committed to the court in administering the rule itself. The court's inquiry primarily concerns whether the defendant will be subjected to legal prejudice by the allowance. It is not enough that he may be forced to suffer the incidental annoyance of a second suit in another forum.[5] To compel a favorable ruling the defendant

---

1. " * * * an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * "

2. D.C.Mun.App., 166 A.2d 261.

3. D.C.Mun.App.1946, 47 A.2d 792.

4. See Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105, certiorari denied, 1953, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383; Ockert v. Union Barge Line Corp., 3 Cir., 1951, 190 F.2d 303; 5 Moore, Federal Practice 1007 (2d Ed. 1951).

5. Raney v. D. C. Transit System, Inc., supra note 2; Adams v. Davis, supra note 3.

must show a real and substantial detriment. While it is true the delay in question may have caused some inconvenience, the suit had not advanced beyond preliminary stages and there is no evidence that appellant was exposed to material hardship. In these respects this case differs from those cited by appellant.

 Appellant's last contention regarding reimbursement for legal fees and costs is fully answered in Adams v. Davis, supra. It is not mandatory that any award be declared as a condition to relief. Hence there is no basis for holding that the trial court abused its discretion in awarding appellant only partial compensation.

Affirmed.

ROVER, Chief Judge, sat during the argument of this case but died before it was decided.