**STATE of Minnesota, COUNTY OF ST. LOUIS and Ramona Mae Soderlund, Respondents,**

v.

**Michael Ray MARCHAND, Petitioner.**

No. C4–86–869.

Court of Appeals of Minnesota.

March 3, 1987.

Alan Mitchell, St. Louis Co. Atty., Thomas F. Norton, Asst. Co. Atty., Duluth, for respondents.

Lois A. Paulson, Legal Aid Service of Northeast Minnesota, Duluth, for petitioner.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ.

## MEMORANDUM OPINION

CRIPPEN, Judge.

### FACTS

Petitioner contends the dismissal of a second proceeding to determine parentage of a child has been with prejudice under Rule 41.01(1) of the Minnesota Rules of Civil Procedure.

Three separate paternity actions have been brought against Michael Ray Marchand, petitioner, alleging him to be the father of Ramona Mae Soderlund's two minor children. The first action was filed on June 14, 1984, and was brought in the name of State of Minnesota, County of St. Louis, and Ramona Mae Soderlund. At trial, Marchand moved to dismiss the action on the grounds that it was barred by the applicable statute of limitations. *See* Minn. Stat. § 257.58, subd. 1 (1984). Specifically, in the circumstances here the statute barred the State of Minnesota and the St. Louis County Attorney from proceeding. Upon the trial court's recommendation, the county attorney agreed to voluntarily dismiss the action in order to correct the statute of limitations defect by substitution of parties.

The second summons and complaint was filed on August 27, 1984. This action was brought in the name of Ramona Mae Soderlund, Guardian ad Litem for VRS, a minor, and TLS, a minor. The complaint incorrectly listed the children's mother as the guardian representing the children. *See* Minn.Stat. § 257.60 (1984) (the child's mother or father may not represent the child as guardian in paternity action). The court suggested respondent amend the pleadings.

Marchand's attorney suggested respondent file a new complaint. Respondent Soderlund agreed to voluntarily dismiss the second action and file a new complaint.

The third action was filed on October 23, 1985, and was brought in the same names used in the first action. Since the time of the first action the statute of limitations governing paternity actions was amended, extending the time for filing any paternity action, including those brought by the public authority responsible for child support enforcement. *See* 1985 Minn.Laws ch. 131, § 5 (amending Minn.Stat. § 257.58 (1984)).

Marchand moved for dismissal of the third action pursuant to the "two dismissal" rule. *See* Minn.R.Civ.P. 41.01(1). The trial court summarily denied the motion.

### DECISION

■ In general, when a plaintiff voluntarily dismisses two actions based on the same claim, the second voluntary dismissal acts as an adjudication on the merits. Minn.R.Civ.P. 41.01(1). However, we conclude respondents are not precluded from proceeding with the paternity action as a result of the previous suits that were voluntarily dismissed. Both the posture of the dismissed cases and the policy underlying the rule support our conclusion.

■ Neither the State of Minnesota, the County of St. Louis, nor the children have dismissed any action more than once. Also, the children's mother has participated as a plaintiff in her own right in only one action that has been voluntarily dismissed, the first action. In the second paternity action the real parties in interest were the children. Respondent, their mother, purported to serve only as their representative, not in her own right. The children's mother, as a beneficially interested plaintiff in the third action, has been a party in interest in only one of the two previous actions and therefore the two dismissal rule does not apply. *See Huskey v. United States*, 29 F.Supp. 283 (E.D.Tenn.1939), *cited with approval in Falkenstein v. Brauf-*

*man,* 251 Minn. 444, 452, 88 N.W.2d 884, 889 (1958).

We also note that the policy underlying the rule supports our decision. A primary purpose of the "two dismissal" rule is to prevent harassment where a defendant is put to "considerable expense in preparation for trial, only to find * * * the case dismissed without assurance that another action would not be brought." *Falkenstein,* 251 Minn. at 453–54, 88 N.W.2d at 890. Respondents' dismissal of the previous actions and their subsequent filing of a new complaint did not harass Marchand. Respondents were attempting to correct errors on the face of the complaint to respond to Marchand's objections.

The trial court correctly determined that the second dismissal did not act as an adjudication on the merits, and respondents may proceed with the action.

Affirmed.