**OGDEN ALLIED SECURITY SERVICES, INC.,**
**Plaintiff,**

v.

**DRAPER & KRAMER, Defendant.**

**No. 91 C 0148.**

United States District Court,
N.D. Illinois, E.D.

July 23, 1991.

Alan F. Curley, Robinson Curley & Clayton, P.C., Chicago, Ill., for plaintiff.

C. Harker Rhodes, Jr., Robert B. Millner, Sonnenschein Nath and Rosenthal, Chicago, Ill., for defendant and third-party plaintiff Draper & Kramer.

Richard J. Sorman, Thomas M. Cannon, Rieck and Crotty, P.C., Chicago, Ill., for third-party defendant River West Development Ltd. Partnership.

**ORDER**

BUA, District Judge.

Ogden Allied Security Services, Inc. ("Ogden") brings this action against Draper & Kramer ("Draper"). In turn, Draper has initiated a third party suit against River West Development Limited Partnership, River West Limited, Marc Berger and Jack Berger (collectively "River West"). River West, as third party defendants, have moved for summary judgment against Ogden and Draper. Draper joins River West's motion against Ogden, but opposes River West's motion for summary judgment on the third-party complaint.

River West and Draper claim that summary judgment is warranted in this case because of the "two dismissal" rule of Fed. R.Civ.P. 41(a)(1) and the law of agency. After the motion for summary judgment was filed, Ogden requested additional discovery on the agency issue. On May 9, 1991, the court continued the agency portion of River West's and Draper's motion for summary judgment pending resolution of the "two dismissal" issue. For the reasons stated below, the court denies the "two dismissal" portion of River West's

and Draper's motion for summary judgment.[1]

The crux of the argument presented by River West and Draper is that Ogden's present suit should be dismissed pursuant to Fed.R.Civ.P. 41(a)(1) because Ogden has filed and dismissed without prejudice two previous suits involving the same claim. River West and Draper direct the court's attention to *Ogden Allied Security Systems, Inc. v. Remcorp, Inc.*, No. 90–4238 (N.D.Ill. filed July 25, 1990) (dismissed without prejudice) and *Ogden Allied Security Systems, Inc. v. Marc Berger, River West Development Limited Partnership, etal.*, No. 90–5415 (N.D.Ill. filed September 17, 1990) (dismissed without prejudice).

In general, Fed.R.Civ.P. 41(a)(1) provides that an action will be dismissed without prejudice when a plaintiff dismisses a suit by either notice of dismissal before the filing of an answer or a motion for summary judgment or by stipulation. However, a notice of dismissal will operate as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the *same claim.* Fed.R.Civ.P. 41(a)(1) (emphasis added).

Not much explanation is given in the rule with respect to the definition of "same claim." In *Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24 (E.D.Pa.1973), the court defined a claim as "the aggregate of operative facts which give rise to a right enforceable in the courts." *Id.* at 28 (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187 (2d Cir.1943)). The aggregate of operative facts, then, should be the same. This definition, though, makes no mention of the parties. Must the parties be the same in order to constitute a "same claim" under the rule?

■ River West and Draper argue that the defendants need not be the same. The court disagrees. The Seventh Circuit has admonished courts to be "especially careful

not to extend the scope of [the] narrow exception [in Fed.R.Civ.P. 41(a)(1)] when the purpose for the exception would not be served." *Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637, 640 (7th Cir.1987), *cert. denied*, 485 U.S. 961, 108 S.Ct. 1224, 99 L.Ed.2d 424 (1988). It is well known that the purpose of the "two dismissal" rule is to "prevent unreasonable abuse and harassment." *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). As pointed out in Wright & Miller, "[i]f two defendants are unrelated, it is hard to see how defendant B is so harassed by a single dismissal against him that the dismissal should be with prejudice merely because an earlier action on the same claim against defendant A was dismissed." 9 Wright & Miller, Federal Practice and Procedure: Civil § 2368 (1971).

The Seventh Circuit appears to concur with this reasoning. In *Friedman v. Washburn Co.*, 145 F.2d 715, 719 (7th Cir. 1944), plaintiff filed suit against a corporation and two corporate employees. Plaintiff then dismissed the suit without prejudice. Plaintiff refiled, dismissed the suit as to the employees, and proceeded with the suit only against the corporation. The corporation argued that the suit should be dismissed under Rule 41(a)(1) as a result of the previously filed suits. The Seventh Circuit disagreed, finding that the corporation was not entitled to a dismissal, even though the rule would protect the individual employees from further suit on the same claim.

In *Falkenstein v. Braufman*, 251 Minn. 444, 88 N.W.2d 884, 888 (1958), the Minnesota Supreme Court expressed its conclusion more explicitly. The court, in interpreting Minnesota's Rule 41.01 (which is substantially the same as Fed.R.Civ.P. 41(a)(1)), stated that the " 'two-dismissal' rule is not applicable unless the defendants are the same, or substantially the same or in privity, in both actions." *See* 5 Moore's Fed.Practice § 41.04 (1991) ("it would seem that the exception is not applicable unless

---

1. Contrary to Ogden's assertion, Judge Duff did not previously decide the "two dismissal" issue as applied to this case. Although Ogden briefed the issue in its request for relief from a dismissal with prejudice, Judge Duff did not grant relief on that basis. He merely corrected an inadvertence on the part of his clerk who checked the dismissal with prejudice box on the minute order instead of the dismissal without prejudice.

the defendants are the same or substantially the same or in privity in both actions, although the rule does not expressly so provide"). On this basis, the court adopts the view that defendants must be the same, substantially the same, or in privity for the "two dismissal" rule to apply.[2]

 Here, River West and Draper assert that the "substantial identity [of the defendants in the three cases, Remcorp, Inc., Marc Berger, River West Development Limited Partnership, River West Development, Ltd., Rodman River West, Inc., and Draper] is manifest." (Memorandum in Support of Third–Party Defendants' Motion for Summary Judgment at 11.) As might be expected, Ogden contends otherwise. Thus, a genuine issue of material fact remains as to the relationship of the defendants in the three actions. Summary judgment is only appropriate where there are no genuine issues of material fact and judgment may be given as a matter of law. Fed.R.Civ.P. 56(c). Therefore, the court denies River West's and Draper's motion for summary judgment with respect to the "two dismissal" rule.

IT IS SO ORDERED.

---

**2.** River West and Draper rely on *Robertshaw–Fulton Controls Co. v. Noma Electric Corp.,* 10 F.R.D. 32 (D.Md.1950) as support for their assertion that defendants need not be the same. Authorities have suggested, though, that the holding of *Robertshaw–Fulton* should be read narrowly. *See Falkenstein,* 88 N.W.2d at 888; 9 Wright & Miller, Federal Practice and Procedure: Civil § 2368 (1971).