*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1536**

Peter Gerard Lonergan,
Appellant,

John Joseph Kotowski,
Appellant,

vs.

Dakota County Social Services, et al.,
Respondents.

**Filed May 28, 2024**
**Affirmed**
**Connolly, Judge**

Dakota County District Court
File No. 19HA-CV-23-599

Peter Gerard Lonergan, Moose Lake, Minnesota (pro se appellant)

John Joseph Kotowski, Moose Lake, Minnesota (pro se appellant)

Kathryn M. Keena, Dakota County Attorney, Justin Hagel, Assistant County Attorney, Hastings, Minnesota (for respondents)

Considered and decided by Connolly, Presiding Judge; Gaïtas, Judge; and Larson, Judge.

**CONNOLLY**, Judge

Self-represented appellants challenge the dismissal with prejudice of their claims against respondent county social services and some of its employees, alleging that appellants' information and records were erroneously released and seeking compensation for the alleged error. Because appellants brought their claims against Dakota County Social Services, which was not the entity responsible for the alleged violations, we affirm the dismissal.

## FACTS

In February 2023, pro se appellants Peter Lonergan and John Kotowski, both civilly committed to the Minnesota Sex Offender Program as sexually dangerous persons, filed separate complaints alleging that respondents Dakota County Social Services and some employees released appellants' medical records, billing, and invoice history between 2016 and 2022 in violation of the Minnesota Government Data Practices Act (MGDPA), Minn. Stat. §§ 13.01-.90 (2022) and the Minnesota Health Records Act (MHRA), Minn. Stat. §§ 144.291-.298 (2022). Appellants sought compensatory and exemplary damages of more than $50,000, as well as interest, costs, and reasonable fees, future damages, and injunctive relief to retrieve and restore their records. The district court consolidated appellants' cases.

Respondents moved for judgment on the pleadings. Their motion was granted, and appellants' complaints were dismissed with prejudice because they had not brought their action against the responsible authority, namely Dakota County. Appellants challenge the dismissal, arguing that the district court erred in not finding that individual respondents

committed professional misconduct, in dismissing claims against individual respondents, and in failing to identify any released health records within the meaning of the MHRA; they also argue that the district court abused its discretion in dismissing their claims with prejudice.

**DECISION**

We review a district court decision on a motion for judgment on the pleadings under Minn. R. Civ. P. 12.03 de novo to determine whether the complaint sets forth a legally sufficient claim for relief. *Burt v. Rackner, Inc.*, 902 N.W.2d 448, 451 (Minn. 2017). In that review, we "consider only the facts alleged in the complaint, accepting those facts as true and drawing all reasonable inferences in favor of the nonmoving party." *Id.* (quotation omitted).

## I. The MGDPA Claims

The MGDPA provides that a "a responsible authority or government entity which violates any provision of this chapter is liable to a person . . . who suffers any damage as a result of the violation, and the person damaged . . . may bring an action against the responsible authority or government entity." Minn. Stat. § 13.08, subd. 1. "Responsible Authority" in any political subdivision means the individual designated by the governing body of that political subdivision as the individual responsible for the collection, use, and dissemination of any set of data on individuals . . . ." Minn. Stat. § 13.02, subd. 16(b) (2022).

Appellants' complaints alleged that respondents Dakota County Social Services; Laurie Halverson, the Administration Center Commissioner of Dakota County Social

3

Services; Jered Rauk, a Dakota County employee, and Jodi Grenier, another Dakota County employee, were all "responsible authorities" who violated the MGDPA by releasing appellants' records and were therefore liable to appellants. The district court found that "[appellants' c]omplaints do not support a finding that the named [respondents] are responsible authorities." Appellants challenge that finding, arguing that, because they named Dakota County Social Services as a responsible authority, their action is actually against Dakota County. This argument is contradicted by the complaints themselves.

Appellants seem to argue that, because the named respondents were Dakota County employees and they were sued in their official capacity, appellants must only "allege facts sufficient to show that respondents acted within the scope of their employment." But claims under the MGDPA can be brought only against a "responsible authority or government entity," Minn. Stat. § 13.08, subd. 1, not against any individuals acting within the scope of their employment, and "responsible authorities" are defined as individuals "designated by the governing of that political subdivision as [individuals] responsible for the collection, use, and dissemination of any set of data on individuals, government data, or summary data, unless otherwise provided by state law." Minn. Stat. § 13.02, subd. 16(b). The fact that respondents were acting in their official capacity is irrelevant to the MGDPA claims, and there was no error in the dismissal of those claims.

## II. The MHRA Claims

The MHRA imposes liability on anyone who negligently or intentionally releases a health record in violation of its guidelines. A health record is:

any information, whether oral or recorded in any form or medium, that relates to [1] the past, present or future physical or mental health or condition of a patient, [2] the provision of health care to a patient; or [3] the past, present, or future payment for the provision of health care to a patient.

Minn. Stat. § 144.291, subd. 2(c). The district court concluded that appellants' "names, addresses, MREC's [medical records numbers or client ID numbers], dates of birth, gender, billing/invoice information, 'other clinical and nonclinical data,' and 'other not public, private data still unknown to [appellants]'" do not relate to appellants' physical or mental health, the provision of their health care, or the payment for the provision of that care, and therefore are not protected by the MHRA.

There was no error in the dismissal of the MHRA claims.

## III.    Dismissal with Prejudice

A district court has "a wide discretion in determining whether dismissals shall be with or without prejudice." *Falkenstein v. Braufman*, 88 N.W.2d 884, 889 (Minn. 1958); *Kelbro Co. v. Vinny's on the River, LLC*, 893 N.W.2d 390, 398 (Minn. App. 2017).

As to the MGDPA claims, the district court found that appellants failed to allege facts that, if true, showed that: (A) respondents were responsible authorities; (B) any responsible authorities, not their employees, agents, or representatives, violated the MGDPA; or (C), appellants suffered actual, not speculative or future, damage by the violation. *See* Minn. Stat. §§ 13.01, .02, .08. As to the MHRA claims, the district court found that: (A) no facts were consistent with appellant's complaints alleging that any respondent "negligently or intentionally requested or released any data—let alone health record data"; (B) the information released did not pertain to appellants' physical or mental

5

health, the provision of health care, or the payment for health care; and (C) appellants failed to demonstrate they were injured as the result of any facts alleged in their complaints. *See* Minn. Stat. § 144.291, subds 1-2. The district court therefore dismissed their claims with prejudice.

Appellants argue that this was error, but they do not refute any of the findings, and the cases appellants rely on are distinguishable and do not support their position. This court in *Adams v. Harpstead*, 947 N.W.2d 838, 845 (Minn. App. 2020), *rev. denied* (Minn. Oct. 1, 2020), affirmed a summary judgment denying claims under the MGDPA because the claimant "failed to bring forward competent evidence that his alleged emotional injury occurred under circumstances tending to guarantee its genuineness." Appellants' claimed damages were all things that might, but had not yet, happened. And in *Halva v. Minn. State Colls and Univs.*, 953 N.W.2d 496, 503 (Minn. 2001), the supreme court concluded that an MGDPA complaint "list[ed] a number of facts that could support a finding of a [MGDPA] violation" and provided an "explanation of the factual nexus and the alleged damages that resulted from that factual nexus." Here, appellants did neither of these. The district court did not abuse its discretion in dismissing their claims with prejudice.[1]

**Affirmed.**

---

[1] Appellants also challenge the denial of their motion to amend the pleadings. But respondents moved for judgment on the pleadings in June; their motion was heard in July; and appellants did not move to amend their pleadings until September. There was no error in denying a motion to amend pleadings on which judgment was already pending.