**Renee COHEN, et al., Petitioners,**

v.

**RENTAL HOUSING COMMISSION, Respondent.**

**No. 84–1221.**

District of Columbia Court of Appeals.

Submitted June 4, 1985.

Decided Aug. 5, 1985.

---

Richard A. Hannibal and John K. Lunsford, Washington, D.C., were on brief for petitioners.

Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Charlotte Brookins-Pruitt, Asst. Corp. Counsel, Washington, D.C., were on brief for respondent.

Before MACK, TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

Petitioners, the owner and manager of an apartment building (hereinafter "the landlords"), seek review of an order by the District of Columbia Rental Housing Commission upholding a hearing examiner's dismissal, without prejudice, of a petition filed by their tenants with the Rental Accommodations Office. We conclude that the landlords have not met their burden of demonstrating error; accordingly, we affirm the Commission's order.

I

In October 1983 the Tenant Association of 3221 Ely Place, S.E., filed a petition with the Rental Accommodations Office challenging a proposed rent increase on various grounds. A hearing was held in January 1984 at which the Association was represented by one of its members, Andrew J. Andrews, who was not a lawyer. Although witnesses were apparently sworn and evidence received, the hearing examiner, over the landlords' objection, continued the hearing until March 1 to permit the tenants to retain legal counsel. We say "apparently" because there is no transcript of the January hearing in the record, nor does it appear that anyone ever requested that a transcript be prepared.

On February 29, one day before the hearing was scheduled to be resumed, the Tenant Association filed a "Notice of Dismissal Without Prejudice of Tenant Petition."

This document, which bore the signature of counsel,[1] stated that the association was "dismissing without prejudice [its] petition ... so that tenants may have the benefit of representation in the drafting and filing of the petition." The next day, March 1, a new hearing examiner—different from the one who had conducted the hearing in January—entered an order dismissing the tenants' petition without prejudice.

The landlords then filed a motion seeking dismissal of the tenants' petition with prejudice and an award of attorney's fees. They argued that the doctrine of *res judicata* required a dismissal with prejudice because witnesses had been sworn and testimony taken at the January hearing. They also claimed that dismissal with prejudice should be ordered because the tenants had been unprepared to proceed at the January hearing, even though they were the ones seeking relief, and because they were unprepared to go forward at the March hearing as well, having failed to retain counsel until the day before that hearing was scheduled to begin.

In their opposition to the landlords' motion, the tenants conceded that witnesses had been sworn and evidence received at the January hearing. They maintained, however, that the first hearing examiner had rescheduled the hearing before a different examiner and that a hearing *de novo* was clearly contemplated. They further asserted that they had filed the notice of dismissal because they had been unable, despite diligent effort, to retain counsel any sooner and that their counsel had been frustrated in her attempts to review the file in the case.

The second hearing examiner denied the landlords' motion, finding that the first hearing examiner "had not heard the merits of the case when she determined that the [tenants] should obtain counsel before proceeding further.... Surely, once Counsel was obtained, the matter would be heard de novo since no substantive matters were resolved." This ruling was affirmed

by the Rental Housing Commission, which observed that "[t]he law favors trial on the merits." The landlords now ask us to overturn this decision, contending that the second hearing examiner's finding that the merits had not been heard at the January hearing was clearly erroneous and unsupported by the evidence, and that the examiner abused his discretion in dismissing the tenants' petition without prejudice.

## II

In reviewing a decision of an administrative agency, this court must determine whether there is substantial evidence in the record to support the decision, or whether it is in any way arbitrary, capricious, or an abuse of discretion. D.C.Code § 1–1510(a) (1981); *see, e.g., Barry v. Holderbaum,* 454 A.2d 1328, 1332 (D.C.1982); *Barry v. Wilson,* 448 A.2d 244, 246 (D.C.1982); *Tenants Council of Tiber Island-Carrollsburg Square v. District of Columbia Rental Accommodations Commission,* 426 A.2d 868, 872 (D.C.1981). In making that determination, however, we start from the premise that the agency's decision, like the decision of a trial court, is presumed to be correct, so that the burden of demonstrating error is on the appellant or petitioner who challenges the decision. *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C. 1982). Part of that burden includes the "duty to present this court with a record sufficient to show affirmatively that error occurred." *Id.* (citations omitted).

The landlords in this case have failed to meet that burden. Specifically, they have failed to provide us with a transcript of the proceedings before the first hearing examiner in January. As a result, they have not shown and cannot show that the findings of the second hearing examiner, particularly the finding that the merits of the case had not been heard at the January hearing, are unsupported by substantial evidence. Nor have they established that the denial by the second hearing

1. The tenants represented in a later pleading that counsel had just been retained that day.

examiner of their motion for dismissal with prejudice was an abuse of discretion in any respect, because to do so they would have to show that the January hearing did in fact reach the merits of the tenants' petition.[2]

■ The landlords attempt to distinguish *Cobb*, arguing that it was a case between two private parties and that, in an administrative appeal, the burden is on the agency to prepare the record. We reject the purported distinction; our holding in *Cobb* was not confined to suits between private litigants. *Cobb* merely reiterated some basic precepts of appellate procedure that were long established in the law, as we demonstrated by citing several cases going back more than forty years, including two from the Supreme Court.[3] Thus we hold that the principles set forth in *Cobb* apply generally to any appellate proceeding in this court, whether it be an appeal from a judgment entered by a trial court or a petition for review of a decision by an administrative agency.

Nor can the landlords evade their responsibility by asserting that the agency failed in its duty to prepare an adequate record. It is true that under our rules, specifically Rule 17(a), the agency is required to "certi-

fy and file with the clerk the papers comprising the record of proceedings...." Rule 17(b) expressly requires the preparation of a transcript:

If a stenographic transcript of testimony before the agency is available, one copy of the transcript, certified as correct by the secretary or other executive officer of the agency, *shall be filed* with the record. [Emphasis added.]

This rule contemplates that a transcript must be included in the administrative record whenever it is "available."[4] It is clear that in the case at bar the agency did not do what Rule 17(b) required it to do. But the rules do not permit the parties to sit back and do nothing when the agency fails to perform. Because the ultimate burden of persuasion is always on the party challenging the ruling below, as *Cobb* makes clear, it is up to that party to make sure that any gaps in the record—including the absence of a transcript—are filled. Rule 16(b) of our rules provides:

If any matter material to either party is omitted from the record by error or accident, or is misstated therein, the parties, after the record is transmitted to this court, by motion, may request the court to direct that the omission be supplied or misstatement corrected. If nec-

---

**2.** The order before us for review is the denial of the landlords' motion for dismissal with prejudice, which was in essence a motion for reconsideration of the order dismissing the tenants' petition without prejudice. Under the applicable regulation, 14 DCMR § 3211.4 (1983), a motion for reconsideration may be granted only on the grounds set forth in 14 DCMR § 3211.1 (1983). The latter regulation contains four subsections stating the circumstances in which such a motion may be filed. Subsections (a) and (b) have no application to this case. Subsections (c) and (d) permit the filing of a motion for reconsideration:

(c) If the decision or order contains clear error that is evident on its face; or

(d) For good cause shown in the motion for reconsideration.

The order of the first hearing examiner dismissing the tenants' petition without prejudice does not contain "clear error that is evident on its face," and, in our view, the landlords' motion *does not show* good cause.

**3.** See *Cobb, supra,* 453 A.2d at 111.

**4.** 14 DCMR § 3204.1 (1983) requires that hearings before a hearing examiner be recorded on tape, and the ensuing sections in the same chapter of the regulations describe the procedures for preparing a transcript from the tape recording. From this regulation we conclude, in the absence of any evidence to the contrary, that a transcript in this case is "available" within the meaning of Rule 17(b). If a transcript is not available, Rule 17(c) requires the preparation of a statement of proceedings and evidence, which must be included in the record in lieu of a transcript.

Our construction of Rule 17(b) as compelling the agency to include a transcript in the record if one is "available" does not mean that the agency must bear the cost of its preparation. The agency may require, by rule or regulation, that the appropriate party pay for the transcript. *Cf.* D.C.App.R. 10(c)(1) (imposing a "duty" to order a transcript on a party appealing from a Superior Court judgment).

essary, the court may direct that a supplemental record be certified and transmitted.

In the context of this case, we read this rule as imposing on the landlords a duty to perfect the record by taking steps to include in it a transcript of the January hearing. Their failure to do so makes it impossible for us to consider the merits of their claims of error.[5]

Finding nothing in the record to support the landlords' contentions, we conclude that the landlords have not carried their burden of demonstrating error. The order under review is accordingly

*Affirmed.*[6]

---

**5.** We cannot accept the factual representations in the landlords' brief as to what happened at the January hearing. "Appellate review is limited to matters appearing in the record before us, and we cannot base our review of errors upon statements of counsel which are unsupported by that record." *D.C. Transit System, Inc. v. Milton,* 250 A.2d 549, 550 (D.C.1969) (citations omitted).

**6.** We emphasize that we are not affirming on the ground that the hearing examiner did not err because the dismissal without prejudice was

for good cause, as respondent urges us to do, citing *Brandenfels v. Day,* 114 U.S.App.D.C. 374, 378–379, 316 F.2d 375, 379–380, *cert. denied,* 375 U.S. 824, 84 S.Ct. 66, 11 L.Ed.2d 57 (1963), and *Ammerman v. District of Columbia Rental Accommodations Commission,* 375 A.2d 1060, 1063 (D.C.1977). The inadequacy of the record prevents us from doing so. Rather, we affirm because the landlords have not provided us with a record sufficient to support their arguments for reversal.