**Warren R. COOPER, Jr., Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 89–1507.**

District of Columbia Court of Appeals.

Submitted Oct. 22, 1990.
Decided April 4, 1991.

Warren R. Cooper, Jr., filed a brief pro se.

Herbert O. Reid, Sr., Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Charlotte M. Brookins, Asst. Corp. Counsel, were on the brief, for respondent.

Before SCHWELB and WAGNER, Associate Judges, and MACK, Senior Judge.

WAGNER, Associate Judge:

Petitioner, Warren R. Cooper, Jr., appeals from the denial of his claim under the District of Columbia Victims of Violent

Crime Compensation Act of 1981, D.C.Code § 3–401 *et seq.* (1988 Repl.) ("the Act"). Petitioner contends that the District of Columbia Department of Employment Services (DOES) erred in denying his claim. We vacate the decision of DOES and remand for further proceedings.

Petitioner filed a claim for compensation under the Act for injuries sustained on August 6, 1988 when he was severely beaten with a stick and kicked by his mother's neighbor and another man. The Office of Crime Victims Compensation (OCVC) denied the claim, and petitioner requested and had a hearing on the claim pursuant to 28 DCMR § 2308 (1987) which implements D.C.Code § 3–411(b)(3) (1988 Repl.). By statute, the case must be determined as a contested case in accordance with D.C.Code § 1–1509 (the District of Columbia Administrative Procedure Act (DCAPA)). D.C. Code § 3–411(b)(3) (1988 Repl.). Following the hearing, the hearing examiner for DOES found that as a result of the beating, petitioner sustained serious injuries for which he was hospitalized. However, he concluded that petitioner was not eligible for benefits as he was not an "innocent victim" of a violent crime. This conclusion was based upon findings that petitioner had prior "verbal altercations" with the two men involved and that petitioner initiated the argument which escalated into a physical confrontation. DOES adopted the hearing examiner's recommended final determination which became the agency's final decision on November 30, 1989, no exceptions having been filed to the Proposed Final Determination. The petition for review was filed in this court pursuant to D.C.Code § 3–412 (1988 Repl.).

 Our review of cases under the DCAPA is limited to whether the agency's findings are supported by substantial evidence in the record considered as a whole or whether the decision is arbitrary, capricious or an abuse of discretion. *Cohen v. Rental Housing Commission,* 496 A.2d 603, 605 (D.C.1985). There is a presumption of the correctness of the agency's deci-

sion, and the burden of demonstrating error is upon petitioner. *Id.* This burden includes providing a record sufficient to show that the agency's decision is erroneous. *Id.* (citing *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982)). The transcript of the hearing before DOES is not included in the record on appeal. Although D.C.App. Rule 17(a) requires the agency to file the record, and Rule 17(b) states that the transcript shall be filed with the record, relying upon D.C.App. Rule 16(b), we have held that the party challenging an agency's ruling must take the necessary steps to assure that the essential parts of the record, including the transcript, are transmitted to the court. *Cohen, supra,* 496 A.2d at 606.

The only evidence presented at the hearing consisted of petitioner's testimony and five exhibits. Only four of the five exhibits have been included in the record.[1] On appeal, this court must examine the record to determine whether the agency could reasonably find the facts contained in its decision. *Pendleton v. District of Columbia Board of Elections & Ethics,* 449 A.2d 301, 307 (D.C.1982) (citations omitted). The scant information provided from the administrative hearing is insufficient to allow meaningful review of the validity of the agency's factual findings. Therefore, petitioner has failed to carry his burden of demonstrating that the agency's factual findings are not supported by substantial evidence in the record.

 However, we can affirm the agency's decision only if its factual findings, which are supported by substantial evidence, "rationally lead to conclusions of law and an agency decision consistent with the governing statute." *Citizens Association of Georgetown, Inc. v. District of Columbia Zoning Commission,* 402 A.2d 36, 47 (D.C.1979). The factual findings recited by the agency do not provide a foundation upon which its conclusion of law can be reached consistent with the governing statute. Therefore, we cannot affirm its decision.

---

1. While the fifth exhibit may be among the many other documents transmitted by the agen-

cy, we are unable to discern which, if any of them, is exhibit five.

The agency's error results from its interpretation of "innocent victim." Although the term "innocent victim" is not defined in the Act, there is a provision that a claimant is ineligible for compensation "if the claimant committed or aided in the commission of the crime upon which the claim is based." D.C.Code § 3–402(b) (1988 Repl.). The term "victim" is defined elsewhere in the Act to exclude any person who "committed or aided in the commission of the crime upon which a claim is based or who was injured or killed as an indirect result of his or her participation in an unlawful and criminal activity." D.C.Code § 3–401(7)(D) (1988 Repl.).

Under the plain meaning of the statute, only those participating in or involved in unlawful or criminal activity are ineligible for compensation. The regulations implementing the Act expand this definition to include as a basis for denial of compensation persons whose misconduct contributes to the crime. 28 DCMR § 2309.9. Under the regulations misconduct may be found when the victim initiates, consents to, aggravates or prolongs a physical confrontation with the offender.[2] *Id.* § 2309.9(a). DOES made factual findings that petitioner initiated only an argument with two men which escalated into a physical confrontation during which petitioner was severely beaten. Based solely upon these facts, the agency concluded as a matter of law that petitioner is ineligible for compensation under the Act. Neither the requisite finding of participation in unlawful activity nor the type of misconduct described in the regulation forms a part of the agency's decision. Therefore, we hold that the agency's conclusion of law is not consistent with the Act nor the regulation.

■ The agency's interpretation of the statute which it must execute should be given considerable deference. *Morris v. District of Columbia Department of Employment Services*, 530 A.2d 683, 690 (D.C.

1987). However, an interpretation which is inconsistent with the statute must be rejected by the court. *Randall v. District of Columbia Department of Employment Services*, 551 A.2d 90, 93 (D.C.1988). The interpretation relied upon by DOES to exclude petitioner from coverage appears to include conduct by the victim which is not criminal or unlawful. To the extent that the decision of the agency so holds, it is inconsistent with the provisions of the statute which address the issue.

■ While the regulations expand upon the definition given by statute, we need not decide whether "misconduct" as defined in the regulations improperly includes lawful conduct within its meaning. The only provision of the regulations under which the agency's determination conceivably can fall is § 2309.9(a), which provides for denial of compensation to victims who initiate a physical confrontation. In this case, the agency made no finding that petitioner initiated a physical confrontation. Rather, it found only that petitioner started an argument. The agency's findings do not bring petitioner's conduct within the ambit of the regulation which excludes from compensation persons provoking physical confrontations. Absent statute, mere words, no matter how offensive, do not amount to criminal or unlawful conduct. *See Williamson v. United States*, 445 A.2d 975, 978 (D.C. 1982); and *United States v. Peterson*, 157 U.S.App.D.C. 219, 227, 483 F.2d 1222, 1230 (1973). Nor do provocative words justify a physical attack by the person against whom directed. *Williams v. District Unemployment Compensation Board*, 383 A.2d 345, 350 (D.C.1978); *United States v. Grover*, 158 U.S.App.D.C. 260, 262, 485 F.2d 1039, 1041 (1973). The finding by DOES that petitioner provoked an argument, without further explanation as to his criminal culpability, is insufficient for this court to conclude that the agency's decision

---

**2.** Misconduct also includes, but is not limited to, the victim's participation in the following:

(1) An illegal drug transaction;
(2) Drunk in public;
(3) Creating a public disorder;
(4) Frequenting a place of prostitution;
(5) Frequenting a place where drugs or alcohol are illegally bought, sold or consumed;
(6) Frequenting a place where illegal gambling is conducted; or
(7) Participating in any other illegal conduct.
28 DCMR § 2309.9(b).

to deny the claim was consistent with the grounds upon which ineligibility can be found under the Act.

■ In its brief before this court, the agency describes conduct of the petitioner which may support the conclusion that petitioner is ineligible for compensation under the Act. However, the facts recited do not form a part of the agency's decision. While we must affirm a correct ruling of the trial court even though premised on incorrect grounds, an administrative order can be sustained only upon the basis relied upon by the agency. *Morris, supra,* 530 A.2d at 690; *Atlantic Richfield v. District of Columbia Commission on Human Rights,* 515 A.2d 1095, 1101 (D.C.1986) (citations omitted). We cannot substitute our judgment for that of the agency nor make findings on issues which the agency did not address.

■ Appellate review of an administrative decision is limited to matters appearing in the record. *Cohen, supra,* 496 A.2d at 607 n. 5 (citing *D.C. Transit System, Inc. v. Milton,* 250 A.2d 549, 550 (D.C.1969) (citations omitted)). Respondent and petitioner submitted with their briefs a copy of a complaint filed by petitioner with the Office of the United States Attorney which elaborates upon petitioner's conduct during the incident. We do not know whether this document was a part of the evidence presented at the hearing. Therefore, this document cannot fill the gap in the record. The agency's decision can be entered only upon the exclusive record compiled during the administrative hearing. D.C.Code § 1–1509(c) (1981); *MBE v. Minority Business Opportunity Commission,* 485 A.2d 152, 159 (D.C.1984). Moreover, the agency's determination that petitioner was not an innocent victim was not based upon the conduct described in the document. Whether the decision is consistent with the requirements of law can only be determined from the grounds upon which the order is based. *See Morris, supra.*

We have before us neither a sufficient evidentiary record to show the nature of

** Associate Judge Farrell has recused himself

the physical attack which petitioner is alleged to have initiated nor an agency order which so finds. Accordingly, we vacate the decision of DOES and remand the case for further proceedings not inconsistent with this opinion.

*So Ordered.*