# WASHINGTON HOSPITAL CENTER, Petitioner,

v.

# DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

and

# Vida Walters, Intervenor.

## No. 97–AA–1955.

District of Columbia Court of Appeals.

Argued Dec. 1, 1998.

Decided Dec. 24, 1998.

William S. Hopkins, with whom William S. Sands, Jr. and John C. Duncan, III, Alexandria, VA, were on the brief, for petitioner.

Jo Anne Robinson, Principal Deputy Corporation Counsel, and ·Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Elizabeth F. Pignatello with whom James A. Mannino, Washington, DC, was on the brief, for intervenor.

Before SCHWELB and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

In response to an appeal filed by petitioner with the District of Columbia Department of Employment Services ("DOES" or "agency"), the Director of DOES ("Director") affirmed the Hearings and Appeals Examiner's ("Hearing Examiner") compensation order, awarding intervenor disability benefits. Petitioner disputes the agency's determination that intervenor provided timely notice of her work related injury, claiming it is not sup-

ported by substantial evidence in the record. We vacate the order and remand.

## I.

Intervenor Vida Walters was employed by petitioner Washington Hospital Center ("Hospital") when, on October 3, 1989, while performing her regular duties for the Hospital's Environmental Service Department,[1] she began experiencing minor back pain. The following morning, October 4, 1989, intervenor awoke to severe back pain and called her supervisor to explain that she would not be able to work that day as a result of her injury. However, during the conversation intervenor did not tell her supervisor that she considered the injury to be work related.

Intervenor returned to work after missing two days, but the back pain continued, and on October 23, 1989, she sought medical advice. On November 6, 1989, intervenor was diagnosed with a lumbosacral strain and it was indicated to her that the back pain likely was a result of her daily work activity. On November 9, 1989, intervenor visited her workplace, told her supervisor that her back pain was work related, and completed an accident report.[2] Intervenor did not return to work until January 8, 1990.

Intervenor brought a claim against petitioner under the District of Columbia Workers' Compensation Act ("Act"). A Hearing Examiner for the agency awarded intervenor disability benefits from November 9, 1989 to January 8, 1990. The Director affirmed the Hearing Examiner's compensation order. Petitioner appeals on the basis that the agency incorrectly concluded that intervenor provided timely notice that her injury was work related.

## II.

D.C.Code § 36–313(a)–(b) (1997 Repl.) establishes a notice requirement for compensable injuries as follows:

(a) Notice of any injury or death in respect of which compensation is payable under this chapter shall be given within 30 days after the date of such injury or death, or 30 days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. . . .

(b) Such notice shall be in writing, shall contain the name and address of the employee and a statement of the time, place, nature, and cause of the injury. . . .

Therefore, the relevant inquiry is twofold: (1) the date intervenor knew or should have known that her injury was work related; and (2) the date intervenor notified petitioner of her work related injury.

First, regarding the date intervenor notified her employer, intervenor testified that she mentioned the injury to her acting supervisor on November 7, 1989, and the record leaves no doubt that she reported it to her permanent supervisor by November 9, 1989 when the accident report was completed. Notwithstanding this testimony, the Hearing Examiner found that petitioner "had knowledge of [intervenor's] injury and its relationship to her employment on October 4, 1989 . . . [because intervenor] *informed her supervisor on October 4, 1989 of her back pain and its relationship to her work activities.*" *Walters v. Washington Hosp. Ctr.*, H & AS No. 91–0802, OWC No. 0184090 at 5 (January 29, 1993) (emphasis added). The Hearing Examiner also concluded that petitioner's "knowledge of the claimant's injury on November 9, 1989, [was] *within 30 days of the date of injury.*" *Walters, supra,* H & AS No. 91–0802, OWC No. 0184090 at 6. These two findings are both contradictory to each other and unsupported by the present record, which contains no evidence that intervenor told her employer of the injury *and* its work-relatedness before November 7.

Second, we must consider when intervenor became aware, or should have been aware, of the nexus between her injury and her employment, as dictated by D.C.Code § 36–313(a). However, because of the inconsistent

---

1. Ms. Walters' duties included maintaining patient rooms, mopping and vacuuming floors, removing trash, and cleaning bathrooms.

2. Intervenor contends that she notified an acting supervisor that her injury was work related two days earlier, on November 7, 1989. However, whether the Hospital was notified on the seventh or ninth of November is not determinative of our decision.

findings regarding the first issue, the agency did not address this issue. Although intervenor argues that she was unaware of the work-relatedness of her injury until November 6, the Hearing Examiner made no finding; indeed, her focus on October 4 as the date notice was given appears to contradict it.

 Ordinarily, "[w]e will not disturb the agency's decision if it flows rationally from the facts which are supported by substantial evidence in the record." *Oubre v. District of Columbia Dep't of Employment Servs.*, 630 A.2d 699, 702 (D.C.1993). That review presupposes, however, that the agency has made findings on the pivotal facts at issue. In reviewing the agency's decision here, we find it necessary to remand the case and permit the agency to make findings with respect to when intervenor's injury occurred and when intervenor became aware, or should have become aware, that her injury was work related. As the record now stands, we are unable to properly review these issues. Accordingly, we vacate the agency's compensation order and remand this case for further proceedings not inconsistent with this opinion.

*So ordered.*