**Linda J. LEEKLEY, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.**

No. 97–AA–964.

District of Columbia Court of Appeals.

Submitted Nov. 24, 1998.

Decided March 25, 1999.

Alexander Anolik, was on the brief for petitioner.

Michael A. Milwee, was on the brief for respondent.

Before WAGNER, Chief Judge, and REID, Associate Judge, and BELSON, Senior Judge.

WAGNER, Chief Judge.

Petitioner, Linda Leekley, challenges a decision of the Department of Employment

Services (DOES) denying her a second year of benefits because she did not meet the earnings requirement for requalification as set forth in D.C.Code § 46–108(c) (1996 Repl.).[1] Leekley concedes that she did not meet the statutory earnings requirement.[2] However, she argues that DOES is estopped to deny her benefits for a second year because (1) contrary to the requirement of applicable regulations, DOES failed to inform her of the earnings requirement of § 46–108(c); and (2) she relied to her detriment upon information provided by DOES employees. We affirm.

In support of her first argument, Leekley relies upon 7 DCMR § 304.6. This regulation provides that "[e]ach claimant shall be given notice of his or her rights and duties under the Act." *Id.* It also provides for the Director of DOES to provide information concerning "eligibility conditions, redetermination procedures, and right to appeal." *Id.* Leekley contends that DOES failed to apprise her of the earnings requirements of D.C.Code § 46–108(c), and therefore, she should be awarded a second benefit year even though she does not meet the requirements. She argues that this court's decision in *Cobo v. District of Columbia Dep't of Employment Servs.*, 501 A.2d 1278 (D.C. 1985) compels this result under the facts presented here.

In *Cobo, supra,* the claimant challenged the agency's determination that her intraagency appeal had been filed untimely.[3] *Id.* at 1279. We held that the failure of the agency to give petitioner adequate notice of the Claims Examiner's decision and her right

to pursue an administrative appeal precluded it from denying her appeal as untimely. *Cobo,* 501 A.2d at 1279–80. The case was reversed and remanded for a hearing on the merits. *Id.* at 1280.

The rule derived from *Cobo, supra,* is inapposite to the present case. It simply forestalled the commencement of the running of the time for noting an appeal where the agency's actions conveyed the impression that final action had not been taken which would trigger her right to pursue an administrative appeal. *Id.* at 1279. The requirement for filing a notice of appeal was not eliminated, and Cobo did, in fact, note an appeal which was deemed timely because of the agency's actions. Here, Leekley seeks to have the statutory earnings requirement waived because she was not forewarned of it in the agency's brochure. In other words, she contends that she would have obtained employment and earnings sufficient to meet the statutory requirements for continued benefits if she had known this was a precondition to continued eligibility. *Cobo* cannot be read to authorize the abrogation of law with respect to eligibility requirements simply because the agency did not give the claimant information she might have used to tailor her income so as to bring herself within the requirements of law and establish entitlement to another year of benefits.[4] In any event, petitioner has not shown that the agency failed to provide information of general applicability to the extent required by its regulations.

1. D.C.Code § 46–108(c) provides in pertinent part as follows:
   Wages received by an individual in the period intervening between the end of his last base period and the beginning of his last benefit year shall not be available for benefit purposes in a subsequent benefit year unless he has, subsequent to the commencement of such last benefit year, performed services for which he received wages for employment as defined in this chapter, in an amount equal to at least 10 times the weekly benefit amount for which he qualifies in such last benefit year.

2. In order to qualify for benefits, it would have been necessary for Leekley to have earned $3,470 after January 1, 1995 from covered employment.

3. D.C.Code § 46–112(b) provides for prompt notice to the claimant and other parties of the initial determination of benefits and that "such determination shall be final within 10 days after the mailing of notice thereof to the party's last-known address or in the absence of such mailing, within 10 days of actual delivery of such notice." Pursuant to regulation, an appeal is authorized to be filed within that same ten-day period. *Gosch v. District of Columbia Dep't of Employment Servs.*, 484 A.2d 956, 957 (D.C.1984) (citing 18 DCRR § 4607.1).

4. A claimant has an obligation to seek employment, unless excused for good cause shown. *See* D.C.Code § 46–110(4)(A).

█ Even assuming the availability of an estoppel theory to preclude enforcement of the statutory eligibility requirements, Leekley has failed to show a factual predicate for such a claim.

> To assert an estoppel effectively, [petitioner] must show that: (1) the District made a promise to [her]; (2)[s]he suffered injury due to reasonable reliance on it; and (3) the promise must be enforced to prevent injustice and promote the public interest.

*Chamberlain v. Barry,* 606 A.2d 156, 158 (D.C.1992). In addition, "[t]he doctrine of equitable estoppel, if applicable against the government at all, may be invoked only where there is a showing of some type of affirmative misconduct by a government agent ." *Robinson v. Smith,* 683 A.2d 481, 492 (D.C.1996) (citations omitted). Here, there is no evidence that DOES workers made an affirmative promise to Leekley that she could receive benefits without meeting the statutory earnings requirement. Rather, it appears that she was informed accurately that enrollment in a dislocated workers' training program would not interfere with the availability of benefits. It was not enrolling in a training program which precluded Leekley from obtaining benefits.[5] It was her failure to earn the sums necessary to meet the second year eligibility requirement. Her own testimony supports the agency's conclusion that Leekley was unable to find a job rather than that the faulty advice of agency employees caused her continued unemployment.[6] Thus, Leekley cannot avail herself of a claim of estoppel, since she has shown no action on the part of DOES upon which she relied to her detriment and no promise which must be enforced to prevent injustice. *See Chamberlain,* 606 A.2d at 158.

Leekley has failed to demonstrate error in the agency's decision factually or legally. *See Cohen v. Rental Hous. Comm'n,* 496 A.2d 603, 605 (D.C.1985). The agency's decision is supported by substantial evidence and consistent with applicable law. Therefore, the decision of DOES hereby is

*Affirmed.*

---

5. Ms. Leekley testified that the job training program, which was held only on Saturdays and Thursday evenings, was designed for working students. She further testified that despite enrolling in the program, "I will be able to look for other work, and I intend to do so." Thus, she cannot contend that enrollment in the program precluded her from working. Indeed, she admitted that while enrolled in the program she has not been looking for other employment.

6. Leekley testified, "I did a diligent job search for six months and came up with nothing," and "I don't see how you can expect me to earn $3,470.00 in that exact same time frame when I am looking for a job and can't find one." She also testified that "it was very unlikely that I was going to find a job in my form of occupation."