**DORCHESTER HOUSE ASSOCIATES LIMITED PARTNERSHIP,**
Petitioner,

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION,**
Respondent.

Nos. 04–AA–1099, 04–AA–1324.

District of Columbia Court of Appeals.

Argued Oct. 25, 2006.

Decided Dec. 28, 2006.

Roger D. Luchs, with whom Richard W. Luchs was on the brief, Washington, for petitioner.

Edward E. Schwab, Deputy Attorney General, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia at the time, was on the brief, for respondent.

Before FISHER and THOMPSON, Associate Judges, and NEWMAN, Senior Judge.

FISHER, Associate Judge:

Dorchester House Associates Limited Partnership ("DHA"), owner of a 394–unit apartment building, filed a capital improvement petition requesting an increase in the rent ceiling. Certain tenants of the building opposed the petition. After a hearing, the Administrative Law Judge granted DHA's motion to dismiss its petition without prejudice. *See* Super. Ct. Civ. R. 41(a)(2). The tenants appealed to the Rental Housing Commission ("RHC"), which ruled that the matter should have been dismissed *with* prejudice. *See* Super. Ct. Civ. R. 41(b). The RHC later awarded attorney's fees to the tenants because they were prevailing parties. *See* D.C.Code § 42–3509.02 (2001). DHA then petitioned this court to review both orders. We reverse and remand for further proceedings.

## I. Factual and Procedural Background

On November 2, 2001, DHA filed capital improvement petition No. 20,767 pursuant to D.C.Code § 42–3502.10(a) (2001), *formerly* D.C.Code § 45–2520(b) (1981). The petition sought authorization to recover from the tenants the cost of installing a

fire suppression system, including a standpipe and fire alarm generator. DHA represented that the total cost of the improvements would require a rent ceiling increase of $16.00 per unit.

Administrative Law Judge Henry McCoy held a hearing on July 26, 2002. For the petition to be approved, DHA had to show, among other things, that required governmental permits and approvals had been secured. D.C.Code § 42–3502.10(b) (2001); *Columbia Realty Venture v. District of Columbia Rental Housing Comm'n,* 590 A.2d 1043, 1045–46 (D.C. 1991). The tenants moved to dismiss the petition because DHA had not submitted electricity permits, other permits regarding demolition and construction, a current housing license, or occupancy and professional licenses from the District of Columbia Real Estate Commission. The ALJ took this motion under advisement and allowed the record to remain open until August 9, 2002, for both parties to submit additional materials and proposed decisions.

On August 9, DHA submitted copies of its current housing license and the property manager's professional license. It had not yet been able to secure the necessary permits for the fire alarm generator. On that same day DHA moved to withdraw its capital improvement petition without prejudice, asserting it was "deeply concerned that this case will become bogged down in a procedural quagmire which will be as prejudicial to its interests as to that of the tenants...." [1] Alternatively, DHA submitted a proposed decision that would have granted the capital improvement petition with respect to installing the standpipe but, because of the missing permits, would have denied the petition with respect to the fire alarm generator. This alternative request would have required a rent ceiling increase of approximately $12.00 per unit. The tenants opposed DHA's motion to withdraw.

The ALJ granted DHA's motion to withdraw, relying upon Rule 41(a)(2),[2] which governs voluntary dismissals by order of a court, and 14 DCMR § 3824.2, which governs the withdrawal of appeals to the Rental Housing Commission. Section 3824.2 directs the RHC to "review all motions to withdraw to ensure that the interests of all parties are protected." The ALJ concluded that the interests of all parties were protected here. Applying Rule 41(a)(2) as construed by *Thoubboron v. Ford Motor Co.,* 624 A.2d 1210, 1213 (D.C.1993), the ALJ granted DHA's motion to withdraw without prejudice because the tenants had not shown they would suffer "a real and substantial detriment" if the motion were granted.

The RHC ruled that the ALJ had abused his discretion by applying 14 DCMR § 3824.2, because that rule is not applicable to proceedings before the Rent Administrator. Rule 41 may be applied in such proceedings,[3] but the RHC concluded

1. DHA explained one reason for its concern: the tenants had objected to going forward with the hearing because their counsel was not available, and DHA understood that they planned to pursue interlocutory appeals to the RHC complaining about the ALJ's denial of a continuance.

2. Rule 41(a)(2) provides in pertinent part:
 (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

3. 14 DCMR § 4018.1 states that when rules of the Rent Administrator "are silent on a procedural issue before [him or her], issues must be decided by using as guidance current rules of civil procedure published and followed by the Superior Court of the District of Columbia."

that ALJ McCoy had not properly applied Rule 41(a), governing voluntary dismissals.[4] Instead, the RHC concluded that Rule 41(b), dealing with involuntary dismissals, applied because DHA had "failed to prosecute" its case when it was unable to produce the required governmental permits.[5] Additionally, the RHC (mistakenly) believed that DHA had already completed the capital improvement work without the proper permits, so the tenants had suffered "real and substantial detriment." *See Thoubboron,* 624 A.2d at 1213. Therefore, the RHC directed the ALJ "to enter an order of involuntary dismissal ... which operates as an adjudication upon the merits."

DHA filed a motion for reconsideration, pointing out the RHC's mistake in believing the work had already been done. The RHC corrected that error but concluded the petition still should be dismissed with prejudice. DHA had failed to submit the permits required by D.C.Code § 42–3502.10(b)(3), and the tenants would suffer legal detriment if they remained subject to another hearing on the same petition they had already defeated. Additionally, the RHC held that dismissing the petition without prejudice after the ALJ had conducted a hearing on the merits was error according to *Cohen v. Rental Housing Comm'n,* 496 A.2d 603 (D.C.1985).

## II. Standard of Review

■ Our standard for reviewing an agency's decision is prescribed in the District of Columbia Administrative Procedure Act, D.C.Code § 2–510(a)(3) (2001), *formerly* D.C.Code § 1–1510(a)(3) (1981). Recognizing the agency's expertise, we generally give great deference when it is interpreting its own regulations or the statutes it administers. *E.g., Columbia Realty Venture v. District of Columbia Rental Housing Comm'n,* 590 A.2d at 1046. However, we owe no deference when an agency interprets the decisions or rules of the courts, because it has no special expertise in these matters. *E.g., Caffritz Co. v. District of Columbia Rental Housing Comm'n,* 615 A.2d 222, 228 (D.C. 1992) (no deference given to RHC's interpretation of this court's decisions); *Saah v. District of Columbia Bd. of Zoning Adjustment,* 433 A.2d 1114, 1116 (D.C.1981) (when agency's decision rests on a matter of law, the reviewing court has the greater expertise and the agency is accorded less deference). Therefore, we owe no deference to RHC's interpretations of Rule 41 or our decision in *Cohen v. Rental Housing Comm'n.*

## III. Legal Discussion

■ The RHC purported to rely upon Rule 41(b) when it ordered DHA's motion

---

4. For example, the RHC concluded that Rule 41(a)(2) did not authorize the dismissal because "[t]here were no terms and conditions in the ALJ's dismissal order." (See pertinent text of rule reproduced in footnote 1, above.) As a leading treatise explains, however, "[t]he court may dismiss without conditions if conditions have not been shown to be necessary...." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2366, at 305 (1995). Even if the ALJ should have imposed conditions, such as the payment of attorney's fees and costs, the appropriate remedy would have been a remand for consideration of conditions, not a declaration that Rule 41(a)(2) was inapplicable.

5. Rule 41(b) provides in pertinent part:

> (b) **Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these Rules or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant or the Court may, *sua sponte,* enter an order dismissing the action or any claim therein.... Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

to be dismissed with prejudice. That rule authorizes involuntary dismissal of a claim if the moving party fails to prosecute. However, while DHA's inability to produce all the required permits may have resulted in a failure of proof, it did not constitute a "failure to prosecute," as the RHC characterized it. Rule 41(b) does not authorize involuntary dismissal of a case due to failure of proof.

 Counsel for the RHC argues that it applied correct legal principles but merely cited the wrong rule—that the dismissal with prejudice was authorized by Rule 52(c). This rule allows a court to enter judgment as a matter of law if the court has fully heard a party but finds against it on an issue essential to that party's claim. Super. Ct. Civ. R. 52(c).[6] It is doubtful that we could rely on this new rationale even if we thought it viable. Our "longstanding rule" has been that "an administrative order can only be sustained on the grounds relied on by the agency." *Bio–Medical Applications v. District of Columbia Bd. of Appeals & Review,* 829 A.2d 208, 217 (D.C.2003) (internal quotation marks and citation omitted). In any event, Rule 52(c) does not authorize the complete dismissal ordered by RHC in this case; the RHC disregarded DHA's alternative filing—a proposed decision that would have granted only the standpipe portion of its petition. It appears that DHA did submit the permits required for the standpipe work. If so, at least this portion of the petition could not be dismissed as a matter of law under Rule 52(c).

 More importantly, the RHC's dismissal with prejudice under Rule 41(b) cannot stand because of procedural error.

In this case, the RHC was reviewing the decision granting DHA's motion to dismiss its own petition without prejudice. (The ALJ never ruled on the tenants' motion to dismiss with prejudice.) Instead of affirming or reversing the ALJ's decision, the RHC effectively converted the Rule 41(a) motion to dismiss without prejudice into a motion to dismiss with prejudice. Federal courts have recognized that "[i]t upsets notions of fundamental fairness for a court, in response to a party's request for dismissal without prejudice, to grant the request by dismissing *with* prejudice, while failing to give the moving party notice of its inclination to impose this extreme remedy." *Andes v. Versant Corp.,* 788 F.2d 1033, 1037 (4th Cir.1986) (emphasis in original). "[T]he plaintiff [must be given] an opportunity to withdraw his motion and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice." *Gravatt v. Columbia University,* 845 F.2d 54, 56 (2d Cir.1988). *See also, e.g., United States v. One Tract of Real Property,* 95 F.3d 422, 426 (6th Cir. 1996) (holding that district court abused its discretion when it dismissed civil forfeiture action with prejudice upon government's motion to dismiss without prejudice, even though government knew that the opposing party had repeatedly requested dismissal with prejudice, because court did not give government the opportunity to withdraw its motion to dismiss and proceed with the litigation); *Jaramillo v. Burkhart,* 59 F.3d 78, 79 (8th Cir. 1995) ("When a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, ... the district court must give the plaintiff notice

---

**6.** Rule 52(c) provides in pertinent part:

If during a trial without a jury a party has been fully heard on an issue and the Court finds against the party on that issue, the Court may enter judgment as a matter of

law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. . . .

of its intention and a chance to withdraw the request and proceed with litigation."); *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir.1994) (adopting rule announced in *Andes* and *Gravatt* ).[7]

These federal cases are instructive because Superior Court Civil Rule 41 is "substantially identical" to the corresponding federal rule and is "to be construed in light of the meaning of that federal rule." *Waters v. Castillo*, 755 A.2d 478, 481 (D.C. 2000); *Taylor v. Washington Hosp. Ctr.*, 407 A.2d 585, 590 n. 4 (D.C.1979). Although in this case the ALJ (the administrative "trial court") did not violate the rule of *Andes* and *Gravatt*, the effect of the RHC's ruling is the same, and it "upsets notions of fundamental fairness." As DHA made clear through its alternative filings on August 9, it preferred a ruling on its scaled-back request to a wholesale dismissal with prejudice. The RHC misinterpreted and misapplied Rule 41 when it ordered DHA's petition dismissed *with* prejudice in these circumstances.

The RHC also misinterpreted our decision in *Cohen v. Rental Housing Comm'n*, 496 A.2d 603, construing it to stand for the proposition that the ALJ in this case committed error because he dismissed the petition without prejudice after holding a hearing on the merits. This is not an accurate characterization of our holding in *Cohen.* 496 A.2d at 605–06. We focused on the inadequacy of the record to show that the hearing examiner had abused his discretion by dismissing a petition without prejudice. The parties hotly debated whether a previous hearing examiner had reached the merits of the dispute after hearing testimony. We did not hold that it necessarily is too late to dismiss without prejudice once a hearing has been held.[8]

## IV. Conclusion

■ In sum, the RHC erred in applying Rule 41, misinterpreted our decision in *Cohen*, and misapplied Rule 52(c) to the record before it. We reverse the order of the RHC directing that DHA's petition be dismissed with prejudice and remand for proceedings not inconsistent with this opinion. Because the tenants no longer are prevailing parties, we also reverse the award of attorney's fees. *See, e.g., Dillard's Inc. v. Liberty Life Assurance Co.*, 456 F.3d 901, 903 (8th Cir.2006); *Trustmark Life Insurance Co. v. University of Chicago Hospitals*, 207 F.3d 876, 884 (7th Cir.2000); *Lewis v. Cowen*, 165 F.3d 154, 158 (2d Cir.1999).

*So ordered.*

---

7. These cases construe Rule 41(a)(2), which allows dismissal "at the plaintiff's instance ... upon such terms and conditions as the Court deems proper." As the cases discussed in text illustrate, some courts have used this authority to grant the motion "with prejudice." We do not believe the instant case can be meaningfully distinguished simply because the RHC invoked Rule 41(b) instead of Rule 41(a)(2).

8. A judge exercising informed discretion certainly will take into account the stage of the proceedings at which the plaintiff seeks a voluntary dismissal without prejudice. *See generally* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2364, at 290–93 (1995). Nevertheless, we have rejected an inflexible rule "restricting such dismissals to an early stage of the proceedings." *District of Columbia Transit System, Inc. v. Franklin*, 167 A.2d 357, 358 (D.C.1961). "Rather than requiring the denial of the motion at some particular juncture in the proceedings, [case law interpreting Rule 41] directs the trial judge to determine the point at which a dismissal will work an unfair disadvantage to the defendant." *Id.*