**Deborah F. DOUGLAS–SLADE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION, Respondent.**

**No. 07–AA–825.**

District of Columbia Court of Appeals.

Submitted Oct. 15, 2008.

Decided Oct. 30, 2008.

Deborah F. Douglas–Slade, pro se.

Jeffrey A. Taylor, United States Attorney, and Michael J. Ryan and Harry B. Roback, Assistant United States Attorneys, were on the brief for respondent.

Before PRYOR, NEBEKER and TERRY, Senior Judges.

NEBEKER, Senior Judge:

Petitioner, Mrs. Douglas–Slade, seeks review of an Office of Administrative Hearings (OAH) order affirming a Department of Employment Services (DOES) determination denying her claim for unemployment benefits. Because OAH failed to consider evidence supporting petitioner's claim of employer retaliation, this court remands petitioner's case to OAH for consideration of whether the alleged retaliation constituted "good cause connected with the work" for petitioner to resign. *See* D.C.Code § 51–110(a) (2001) ("any individual who left his most recent work voluntarily without good cause connected with the work ... shall not be eligible for benefits"); 7 DCMR § 311.1 (1986) ("the Director shall disqualify for benefits any individual who left his or her most recent work voluntarily without good cause connected with the work").

## I.

Petitioner worked for the federal government for approximately 27 years as a leader of the "Section 508" program of the Federal Aviation Administration (FAA). She received various awards and promotions for excellent performance during her career. According to petitioner, she never faced leave restrictions and never experienced problems with management.

In February 2006, Ms. Diana Young became Program Director for the Information Management Division of the FAA and supervised petitioner. Petitioner and Ms. Young had a difficult employment relationship. Petitioner complained about Ms. Young's "unethical" and "peculiar" management style, unwarranted sexual advances, and aggressive use of authority. Ms. Young expressed concern about petitioner's attendance record and the quality of her work.

In July 2006, petitioner brought her concerns about Ms. Young to the attention of the Early Dispute Resolution office and requested reassignment. Petitioner subsequently brought an Equal Employment Opportunity (EEO) claim against Ms. Young, alleging a hostile work environ-

ment, race discrimination, sexual harassment, and retaliation.[1]

In August 2006, Ms. Young placed leave restrictions on petitioner as a result of her frequent unscheduled absences. Ms. Young imposed specific requirements on petitioner and warned that a failure to adhere to these requirements could result in disciplinary action, including removal from federal service. Ms. Young subsequently issued an Opportunity to Demonstrate Performance (ODP), notifying petitioner that she could face removal from federal service if she failed to meet job expectations during a designated review period. The 18–page ODP stated that one of petitioner's "problems" was her "unsubstantiated claims of a hostile environment based on a potential decision to deny ... leave."

Several months later Ms. Young issued a decision on petitioner's ODP and concluded that she had met performance expectations. Ms. Young noted, however, that petitioner needed to continue to demonstrate acceptable performance or she could face removal from federal service. Petitioner received a temporary reassignment[2] but submitted a letter of resignation the following day based on a "hostile environment," fear of retaliation, and a desire to preserve her "health and welfare."

A DOES claims examiner denied petitioner's claim for unemployment benefits following her resignation. Petitioner appealed and OAH held a hearing at which both petitioner and Ms. Young testified. The Administrative Law Judge (ALJ) held that petitioner was not eligible for unemployment benefits because she resigned voluntarily and without good cause connected with the work. *See* D.C.Code § 51–110(a); 7 DCMR § 311.1.

## II.

 This court reviews OAH decisions to determine whether they are "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" D.C.Code § 2–510(a)(3)(A). This court must affirm an OAH final order when "(1) OAH made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and (3) OAH's conclusions flow rationally from its findings of fact." *District of Columbia Dep't of Employment Servs. v. Vilche,* 934 A.2d 356, 360 (D.C.2007) (citing *Rodriguez v. Filene's Basement Inc.,* 905 A.2d 177, 180 (D.C.2006)). This court defers to OAH findings if they are "supported by substantial evidence in the record considered as a whole...." *Cooper v. District of Columbia Dep't of Employment Servs.,* 588 A.2d 1172, 1174 (D.C.1991) (internal citation omitted); *see also* D.C.Code § 2–510(a)(3)(E). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gardner v. District of Columbia Dep't of Employment Servs.,* 736 A.2d 1012, 1015 (D.C.1999) (internal citations omitted).

An employee who voluntarily leaves his or her job is generally disqualified from receiving unemployment benefits unless the employee resigned due to "good cause connected with the work." 7 DCMR §§ 311.4, 311.5. Whether an individual resigns due to "good cause" is determined by what a "reasonable and prudent person in the labor market [would] do in the same circumstances[.]" *Id.* at § 311.5; *see also*

---

1. At the time OAH issued its final order on July 26, 2007, the subject of this appeal, petitioner's EEO claim was still under investigation.

2. The temporary reassignment would not have severed petitioner's administrative relationship with her supervisors or her obligation to return to the Section 508 office.

*Gunty v. District of Columbia Dep't of Employment Servs.*, 524 A.2d 1192, 1199 (D.C.1987) (noting that a determination of what a reasonable and prudent person in the labor market would do in the same circumstances is fact specific). Here, the ALJ concluded that (1) petitioner resigned voluntarily because her job was not in "immediate jeopardy" and (2) petitioner's conclusory allegations of race discrimination, sexual harassment, and a hostile work environment did not constitute good cause connected with the work.

■ The ALJ addressed three of petitioner's arguments: (1) that petitioner suffered discrimination based on her race, (2) that Ms. Young sexually harassed petitioner, and (3) that Ms. Young subjected petitioner to a hostile work environment. The ALJ did not address directly petitioner's allegations of retaliation, merely noting that "[t]here is nothing inherently unreasonable, hostile or retaliatory about the leave restriction or the ODP." The final order made no mention of Ms. Young's retaliatory statement in the ODP that one of petitioner's "problems" stemmed from her "unsubstantiated claims of a hostile environment based on a potential decision to deny ... leave." OAH, therefore, failed to make the necessary finding of fact on each materially contested issue of fact. *See* D.C.Code § 2–510(a)(3)(E); *Giles v. District of Columbia Dep't of Employment Servs.*, 758 A.2d 522, 526–27 (D.C.2000).

■ The Supreme Court, in *Securities & Exchange Comm'n v. Chenery Corp.*, described the deference an appellate court owes to administrative agencies:

> [I]t is ... familiar appellate procedure that where the correctness of the lower court's decision depends upon a determination of fact which only a jury could make but which has not been made, the appellate court cannot take the place of the jury. Like considerations govern review of administrative orders. If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment.

318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943). *See also Kuhn v. Cissel*, 409 A.2d 182, 189 (D.C.1979) (Nebeker, J., dissenting) (noting that the District of Columbia has "expressly adopted [the] rule" pronounced in *Chenery*). Our deference to administrative decisionmaking hinges upon an agency's elaboration of the factual underpinnings of its interpretations. *See Teamsters Local Union 1714 v. Public Employee Relations Bd.*, 579 A.2d 706, 710–11 (D.C.1990) ("Entailed within this responsibility [to interpret relevant law] is the requirement that the agency elaborate, at least to some extent, the reasoning underlying its interpretations.").

■ Where an administrative judgment fails to address relevant facts, an appellate court must remand the case to the administrative agency for consideration of relevant facts. *See Washington Hosp. Ctr. v. District of Columbia Dep't of Employment Servs.*, 721 A.2d 616, 618 (D.C.1998) (holding that this court's deferential review of an agency decision "presupposes ... that the agency has made findings on the pivotal facts at issue"); *Cooper, supra*, 588 A.2d at 1176 ("We cannot ... make findings on issues which the agency did not address."); *Teamsters Local Union 1714, supra*, 579 A.2d at 709 ("[W]e cannot affirm an agency decision if we cannot confidently ascertain ... its underlying factual determinations.") (internal citation and quotation marks omitted); *Washington Ethical Soc'y v. District of Columbia Bd. of Zoning Adjustment*, 421 A.2d 14, 19 (D.C. 1980) ("The court ... cannot find facts from the record either to fill gaps or to

revise a decision which is based on erroneous findings.") (internal citations omitted).

■ An appellate court cannot stand in the place of an administrative agency and attempt to determine how the administrative agency would have decided a matter if part of its decisional base is in error for failure to address all relevant contentions. *See Velasquez v. District of Columbia Dep't of Employment Servs.,* 723 A.2d 401, 404 (D.C.1999) (holding that "we require the hearing examiner to make factual conclusions based on the record as a whole") (internal citation and quotation marks omitted). Even if the relevant facts are arguably immaterial, it is impossible for an appellate court to make that determination. *See Chenery, supra,* 318 U.S. at 80, 63 S.Ct. 454.

Although the ALJ addressed petitioner's allegations of race discrimination, sexual harassment, and a hostile work environment, the ALJ failed to acknowledge Ms. Young's retaliatory statement or explain why this statement did not support petitioner's claim of retaliation. Each of petitioner's claims forms an independent basis for a possible conclusion that she resigned due to "good cause connected with the work." Therefore, the ALJ's resolution of petitioner's race discrimination, sexual harassment, and hostile work environment claims does not obviate the need to address petitioner's retaliation claim. *See Jones v. District of Columbia Dep't of Employment Servs.,* 519 A.2d 704, 709 (D.C.1987) (refusing to affirm an agency decision on grounds not addressed by the agency because "[a]n administrative order can only be sustained on the grounds relied on by the agency") (internal citations omitted).

This court cannot and should not step into the role of the administrator to speculate how OAH would have addressed Ms. Young's statement in the ODP. Rather, Ms. Young's statement "need[s] to be directly confronted and either discredited or reconciled with the rest of the evidence." *Velasquez, supra,* 723 A.2d at 404. OAH must consider whether the alleged retaliation occurred and whether the alleged retaliation constitutes "good cause connected with the work" for petitioner's resignation. *See Long v. District of Columbia Dep't of Employment Servs.,* 570 A.2d 301, 302 (D.C.1990) (holding that this court must remand for clarification agency decisions that do not include analysis supporting the agency's position); *Washington Ethical Soc'y, supra,* 421 A.2d at 19 (holding that "[t]he proper disposition must be a remand" where the agency's conclusions are not supported by the evidence).

Therefore, we remand this case to OAH with directions to adjudicate petitioner's retaliation claim. Should petitioner proffer evidence in support of her retaliation claim, OAH is at liberty to decide in the first instance whether an evidentiary hearing on the issue is warranted.

*So ordered.*