In re AMERICAN DENTAL LASER, INC. SECURITIES LITIGATION.

This Document Relates To All Actions.

Master File No. 92–CV–71917–DT.

United States District Court, E.D. Michigan, S.D.

June 3, 1993.

Elwood S. Simon & Assoc., P.C., Elwood S. Simon, John P. Zuccarini, Bloomfield Hills, MI, Liaison Counsel, Garwin, Bronzaft, Gerstein, & Fisher, Bruce E. Gerstein, New York City, Spector & Roseman, Eugene A. Spector, Philadelphia, PA, Cohen, Milstein, Hausfeld, & Toll, Steven J. Toll, Washington, DC, Executive Counsel, for plaintiffs (Robert A. Skirnick, Andrew Friedman, Matthew Houston, Wechsler Skirnick Harwood Halebian & Feffer, New York City, on the brief.).

Lawrence G. Campbell, Thomas G. McNeill, Mary Beth Kelly, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, for defendants.

## ORDER DENYING DEFENDANT UNDERWRITERS' MOTION TO DISMISS PROPOSED CLASS REPRESENTATIVES AS INADEQUATE

ROSEN, District Judge.

The instant matter comes before the Court on Defendant Underwriters' April 19, 1993 motion to dismiss class representatives as inadequate. The Court has reviewed said motion and Plaintiffs' May 3, 1993 response, and pursuant to Local Rule 7.1(e)(2) will decide the dispute without a hearing.

Defendants argue that the proposed class representatives demonstrate "alarming unfamiliarity" with the underlying facts of the litigation and grant "unfettered discretion" over the litigation to their lawyers and, therefore, said representatives are not "adequate" to represent the interest of the class pursuant to Fed.R.Civ.P. 23(a)(4).

Plaintiffs argue that the proposed representatives meet the adequacy requirements of Rule 23(a)(4), because they do not have interests antagonistic to those of unnamed members, and they are able to vigorously prosecute the interests of the class through qualified, experienced attorneys. In addition, Plaintiffs contend that it is appropriate for class representatives to rely on counsel in this complex securities litigation, and the named Plaintiffs have demonstrated willingness and ability to act as class representatives.

Rule 23(a)(4) requires that as a prerequisite to a class action, "the representative parties will fairly and adequately protect the interests of the class." The Sixth Circuit has set forth the standard to determine whether

representatives meet the "adequacy" requirement:

> There are two criteria for determining whether the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. *Gonzales v. Cassidy*, 474 F.2d 67, 73 (6th Cir.1973). [sic] *See generally* Moore par. 23.07[2] at 23–371.

*Senter v. General Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *see also Rodriguez v. Berrybrook Farms, Inc.*, 672 F.Supp. 1009, 1017 (W.D.Mich.1987). Therefore, the Sixth Circuit does not require that the class representatives have an intimate understanding of the nuances of their securities cause of action.

The Third Circuit has addressed the exact argument raised by Defendants. In *Lewis v. Curtis*, 671 F.2d 779, 789 (3rd Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982), the court noted that like the law in the Sixth Circuit, the law in the Third Circuit only required the following factors to demonstrate adequacy of representation: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Id.* at 788. The court noted that the defendants did not dispute that the representatives met that criteria but rather argued that the plaintiff shareholder could not fairly and adequately represent the unnamed shareholders unless he had knowledge of the material facts in support of his claim. *Id.* The court acknowledged that although some jurisdictions would recognize such an argument,

> We do not believe, however, that such a requirement makes vigorous representation of the class any more likely. The adequacy-of-representation test is not concerned whether plaintiff personally derived the information pleaded in the complaint or whether he will personally be able to assist his counsel. We believe that the

requirements in *Wetzel* [*v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3rd Cir.1975) ] [noted above] are sufficient to insure adequate representation and decline to require anything further.

*Id.*

This Court agrees with the *Lewis* court's analysis and therefore will not require that Plaintiffs show more than the requirements that the Sixth Circuit has expressly acknowledged—common interests and willingness to engage in vigorous prosecution. In the instant case, Defendants rightly have chosen not to challenge the representatives on these criteria; all the evidence indicates that the representatives interests are akin to the unnamed class members' and that it appears as if the representatives will vigorously prosecute the interests of the class through qualified counsel.

■ Even assuming, *arguendo*, that the Court acknowledged that "alarming unfamiliarity" with the underlying facts of the litigation and decision to grant "unfettered discretion" over the litigation to lawyers operates to defeat adequacy under Rule 23, the Court finds that Defendants have not met their burden in demonstrating that the instant representatives are "alarmingly unfamiliar" with the underlying facts or have granted "unfettered discretion" to their counsel.

As Plaintiffs point out in their brief, numerous courts recognize the appropriateness of relying on counsel:

> That Plaintiffs were not fluent in the legal basis of their claim is neither surprising nor discouraging. Plaintiffs, believing that they had been wronged, hired an attorney to discover whether they had a legal basis for recovery and having found it, to pursue it against the defendants. That they have not learned the specifics of the law (and some rather complicated laws are in issue here) does not indicate at all that they cannot adequately represent their fellow class members.

*Coe v. Nat'l Safety Assoc., Inc.*, 134 F.R.D. 235, 239 (N.D.Ill.), *vacated on other grounds*, 137 F.R.D. 259 (1991).

After reviewing the depositions of the proposed representatives in the instant case, the

Court finds that the representatives have demonstrated that they have a sufficient familiarity with their claims and their responsibilities as class representatives.

For the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DE-CREED that the Defendant Underwriters' Motion to Dismiss Proposed Class Representatives as Inadequate be, and hereby is, DENIED.