**Dale GARRISH, et al., Plaintiffs,**

v.

**UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, International Union ("UAW"), et al., Defendants.**

No. Civ 00–40291.

United States District Court,
E.D. Michigan,
Southern Division.

July 2, 2001.

Harold Dunne, Livonia, MI, for plaintiffs.

Stuart M. Israel, Southfield, MI, Francis S. Jaworski, General Motors Corporation, Detroit, MI, Andrew M. Kramer, Washington, DC, Samuel McKnight, Southfield, MI, Andrew Nickelhoff, Detroit, MI, Daniel W. Sherrick, UAW Legal Department, Detroit, MI, for defendants.

## *ORDER*

GADOLA, District Judge.

Before the Court is Plaintiffs' motion for class certification [docket entry 57]. Pursuant to Local Rule 7.1(e), the Court concludes that a hearing would not aid in the disposition of this motion. For the reasons set forth below, the Court will conditionally deny Plaintiffs' motion for class certification without prejudice to Plaintiffs' renewal of this motion after the close of discovery.

# I BACKGROUND

Plaintiffs are employees of Defendant General Motors Corporation ("GM") who work at GM's Truck and Bus facility ("the facility") in Pontiac, Michigan. (C.[1] at ¶¶ 4, 8.) Plaintiffs are also members of Defendant United Automobile Aerospace and Agricultural Implement Workers of America, International Union ("UAW") and Defendant Local 594. Plaintiffs purport to represent the interests of 6,000 employees at the facility. Defendant GM builds vehicles. Defendant UAW is a union purporting to represent the interests of workers at GM. Defendant Local 594 is a local union and an element of Defendant UAW.

Defendants UAW and GM are parties to a National Collective Bargaining Agreement ("NCBA"). The NCBA concerns Plaintiffs' employment rights, including wages, hours of employment, and working conditions. Defendant Local 594 and the facility are parties to a Local Collective Bargaining Agreement ("LCBA"), which allows them to negotiate matters not covered by the NCBA.

This dispute is rooted in a strike over local demands and grievances that Local 594 began, with the UAW's permission, at the facility on April 23, 1997 and that ended on July 21, 1997. Plaintiffs allege that, although GM met all legitimate demands of Local 594 within the strike's first month, Defendant unions fraudulently prolonged the strike for approximately two months for two reasons. First, Plaintiffs allege that the unions sought to obtain roughly $200,000 in "overtime" payments from GM to high-level officials of Local 594. Second, Plaintiffs allege that the unions sought to obtain employment at GM for the relatives of high-level UAW officials.

Plaintiffs further allege that GM ultimately paid $200,000 to Local 594 to be divided among its high-level union representatives. (C. at ¶ 88.) Plaintiffs allege that GM knew this payment was illegal, and that GM nonetheless provided the $200,000 as a means of paying the union leaders to end the strike. (C. at ¶¶ 89, 97.) According to Plaintiffs, at least one member of Local 594's executive board shared in the disbursement of the improperly-obtained $200,000.

Plaintiffs also aver that Local 594 ultimately obtained employment for Todd Fante and Gordon Campbell. Plaintiffs aver that both Messrs. Fante and Campbell were unqualified for the positions for which GM hired them and that hiring them was a violation of the NCBA. Plaintiffs allege that Mr. Campbell is the son of Jay Campbell, chairman of Local 594's bargaining committee (C. at ¶ 50), and that Mr. Fante is the son of a friend of Donny Douglas, who was the UAW's representative during the 1997 strike negotiations at the facility. (C. at ¶ 51.)

Plaintiffs brought suit on August 7, 2000. In their first amended complaint, filed on October 4, 2000, Plaintiffs asserted several "counts" pursuant to the Labor Management Relations Act ("LMRA"), Title III, ¶ 301, 1947, as amended, 29 U.S.C. § 185 [hereinafter " § 301"]. In its order of March 7, 2001, the Court construed Plaintiffs' "counts" as putting forth one hybrid cause of action under § 301. On May 23, 2001, Plaintiffs filed the instant motion for class certification.

# II LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs certification and maintenance of class actions. Rule 23 provides, in relevant part:

---

1. "C." refers to Plaintiffs amended complaint, filed on October 4, 2000 [docket entry 11].

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members if impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class ...

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(c) (1) As soon as practicable after the commencement of an action brought as a class action the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits....

■■ District courts must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met before certifying a class. *General Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). "The trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re American Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir.1996). The party seeking class certification bears the burden of proof. *See id.* (citing *Falcon,* 457 U.S. at 161, 102 S.Ct. 2364). Although this Court may, and often must, look beyond the bare pleadings in the case, it may not examine the merits of the parties' claims or defenses. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

■ To make a proper determination with respect to Plaintiffs' motion for class certification, this Court must address three distinct issues:

a. The adequacy of the class definition proposed by the plaintiffs;

b. The four prerequisites to certification provided in Fed.R.Civ.P. 23(a) (that is, numerosity, commonality, typicality and adequacy of representation); and

c. The specific subcategories provided in Fed.R.Civ.P. 23(b).

The Court will address each of these issues in turn.

## III ANALYSIS

### a. The adequacy of the class definition proposed by Plaintiffs

■■ Before the Court may certify a class pursuant to Rule 23, "the class definition must be sufficiently definite so that it is administratively feasible for the court to

determine whether a particular individual is a member of the proposed class." 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 23.21[1] (3d ed.1998). The identity of class members, moreover, must be ascertainable by reference to objective criteria. *See Crosby v. Social Security Admin.*, 796 F.2d 576, 580 (1st Cir.1986). A precise definition allows the Court to determine who would be entitled to relief, who would be bound by a judgment, and who is entitled to notice of the action. *See* 5 MOORE'S FEDERAL PRACTICE, ¶ 23.21[3].

Plaintiffs in this case propose to define the class as "all members of Local 594 who were on GM's active payroll at its Pontiac truck facility on the day the strike began," except for the "members of Local 594 who were responsible for the events giving rise to this litigation." (Pl.Br. at 8.) Because the Plaintiffs' definition of the class is readily ascertainable by reference to objective criteria, the Court holds that Plaintiffs have adequately defined the class.

### b. Rule 23(a)

#### i. Numerosity

■ Plaintiffs assert that they meet the numerosity requirement because joinder of all class members would be impracticable. Defendant unions do not object to certification on this ground. Defendant GM argues that numerosity is not satisfied because "at most two people can maintain a Section 301 claim based upon the only alleged breach of contract in this case," which was the alleged hiring of Messrs. Fante and Campbell. (GM Br. at 10.)

That argument is incorrect for two reasons. First, if Plaintiffs were to prove that a prolongation of the strike occurred because of the unions' wrongful attempt to secure employment for those two gentlemen, it would not only be the two Plaintiffs who arguably would have obtained the jobs that went to Messrs. Fante and Campbell

who would have proven that they were harmed. Rather, all of the Plaintiffs who lost wages because of the wrongful prolongation of the strike would have proven harm, and all could be entitled to relief.

The second reason that the Court rejects GM's argument is that GM goes too far when it states conclusively that the "only alleged breach of contract in this case is the hiring of Fante and Campbell as journeymen builders." (GM Br. at 9.) The Court has reached no such conclusion. Instead, the Court has merely observed that "[i]t is *not entirely clear* ... that Plaintiffs allege [the alleged illegal payments from GM to the union leaders] to have been a breach of contract." *Garrish v. UAW*, 133 F.Supp.2d 959, 964 n. 2 (E.D.Mich.2001) (emphasis added). The Court did not hold, as GM seems to assert, that the allegedly-illegal payments were necessarily *not* part of the basis of Plaintiffs' theory that GM committed a breach of contract.

The Court is satisfied that joinder of all class members is impracticable because there are more than one hundred named Plaintiffs already, and this number may expand greatly.

#### ii. Commonality

■ Commonality exists when there is a common issue among the plaintiffs and the resolution of that issue would advance the litigation. *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir.1998). At least three issues in this action meet the commonality criterion. First is the issue of whether the unions wrongfully prolonged the strike so that GM would hire Messrs. Fante and Campbell. Second is the issue of whether the unions wrongfully prolonged the strike so that GM would make payments to union leaders. Third is the issue of whether GM violated a bar-

gaining agreement. All of those issues lie at the heart of each Plaintiff's theory, and resolution of those questions could be dispositive. The Court thus concludes that commonality exists.

### iii. Typicality

The typicality criterion limits a class's claims to those that the named plaintiffs' claims fairly encompass; i.e., typicality exists when the Court concludes that "as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 399 (citation omitted). Where a named plaintiff's proving his own claim would not necessarily prove anyone else's claim, the typicality requirement is not satisfied. *Id.*

As the Court has made clear, the substantive claims of the putative class are essentially the same for every putative class member and for each named Plaintiff. That is, the salient questions for each Plaintiff are the same: whether the union Defendants wrongly prolonged the strike to obtain wrongful employment for Messrs. Fante and Campbell; whether the union Defendants wrongly prolonged the strike to obtain payments to union leaders; and, whether Defendant GM violated a collective bargaining agreement. At trial, proof of these questions by one named Plaintiff would likely prove the claim of each named Plaintiff. The Court therefore holds that the typicality requirement exists.

Defendants disagree. Both Defendants argue that a salient issue for each Plaintiff will be whether he satisfies the statute of limitations. Defendant GM makes this argument in relation to the typicality requirement of Rule 23(a)(3). The unions make this argument with respect to Rule 23(b)(3). Because this issue is germane to Rule 23(b)(3), the Court will address it in

the part of its order dealing with that subsection of Rule 23.

Defendant GM also argues that the individual nature of the harms that each Plaintiff suffered militates toward the conclusion that typicality does not exist. (GM Br. at 16.) The Court rejects this argument because "individual problems involving ... ascertainment of damages" do not preclude certification. *Riordan v. Smith Barney*, 113 F.R.D. 60, 65 (N.D.Ill. 1986). Defendant GM further contends that each Plaintiff must show that he filed a grievance in order to reach a jury in this case, and that the individualized nature of that inquiry shows that typicality does not exist. The Court rejects this contention because, for reasons discussed above, Plaintiffs have satisfied the element of typicality.

### iv. Fairness and Adequacy of Representation

The adequacy inquiry exists to uncover conflicts of interest between named parties and the putative class. *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir.1998). For class certification to be appropriate, named plaintiffs must "fairly and adequately protect the interests of the" putative class. Fed. R.Civ.P. 23(a)(4). Named plaintiffs satisfy Rule 23(a)(4) when: (1) they have common interests with the unnamed members of the putative class; (2) they would prosecute vigorously the class's interests through qualified counsel; and (3) there is an absence of a conflict of interest between the named plaintiffs and a putative class members. *Rutherford*, 137 F.3d at 909; *In re American Dental Laser, Inc. Secs. Litig.*, 151 F.R.D. 81, 82 (E.D.Mich.1993) (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976)).

■ Plaintiffs never specifically addressed this standard, or any legal standard regarding Rule 23(a)(4), in the section of their brief pertaining to adequacy of representation. (Pl.Br. at 5.)

But they should have. Because Plaintiffs must bear the burden of showing that they meet the strictures of Rule 23(a)(4) before the Court can certify their class, and because their brief fails to address the legal standard pertaining to that subsection of Rule 23, Plaintiffs have put the Court in no position to grant the relief they seek. · The Court will therefore deny Plaintiffs' motion to certify the class. It will do so without prejudice to Plaintiffs' prerogative of renewing their motion for class certification at the close of discovery, however, because by that point in the proceedings Plaintiffs may have discovered enough evidence to show that they would meet Rule 23(a)(4).

### c. Rule 23(b)

■ An alternate reason for the Court's disposition of this motion is that, even if Plaintiffs had met their burden under Rule 23(a), they have not shown that they meet one of the subcategories of Rule 23(b). Plaintiffs rely solely on Rule 23(b)(3), arguing that "common questions of law or fact predominate over individual issues in this case."

Defendants argue that the salient issue for the typical Plaintiff will be whether that he satisfies the statute of limitations, and this individualized inquiry dictates whether common issues of law or fact do not predominate.

Defendants argument is well taken because the Court has made clear that, should Defendants make good on their averment that they will assert the statute-of-limitations defense, each Plaintiff would have to adduce competent evidence that he satisfies the statute of limitations for a hybrid § 301 action before a jury may find that he prevails in a hybrid suit under § 301. *Garrish,* 133 F.Supp.2d at 965–66. That is, each Plaintiff must put forth evidence from which a jury could reasonably conclude that he did not know, or have reason to know through the exercise of due diligence, of the predicate acts for this cause of action. *Id.* This hurdle is one that is particular to each individual Plaintiff, and it is conceivable that a few Plaintiffs may meet this burden while many do not.

Under such circumstances, this Court seriously questions whether "the defendants could realistically be expected to argue the applicability of [the] statute of limitations defenses to numerous class members individually at one trial" and whether the jury could "assimilate such overwhelming information." *Butler v. Sterling,* No. 98–3223, 2000 WL 353502, at *7 (6th Cir. Mar. 31, 2000). The Court therefore exercises its discretion and denies Plaintiffs' motion for class certification without prejudice to Plaintiffs' ability to renew that motion after the close of discovery. *See id.*

## IV CONCLUSION

For reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for class certification [docket entry 57] is **DENIED** without prejudice to Plaintiffs' renewal of this motion after the close of discovery.

**SO ORDERED.**